## NORFOLK COUNTY.

### BENJAMIN WHITE *vs.* MARY F. WHITE.

The belief of the guilty party in a case of divorce, that he has a right to marry again in the lifetime of the other party, without leave of court, does not render such a marriage valid.

A special act of the legislature, declaring two persons "to be husband and wife to all legal intents and purposes," one of whom has been divorced from a former wife for his desertion, and has not obtained from this court leave to marry again, is unconstitutional.

LIBEL for a divorce from bed and board for the cause of desertion. The case was heard by *Wells*, J., and reported to the full court as follows :

" The parties were married at Boston October 20, 1864, and lived together as husband and wife at Weymouth until August 25, 1869, when the libellee deserted the libellant, and left the state, and is now in parts unknown. The libellant had been previously married, and his former wife is still living. Before his

marriage to the libellee, his former wife had obtained a decree against him, in the county of Norfolk, of divorce from the bond of matrimony, for the cause of desertion. He contracted the present marriage in the belief that the dissolution of the former marriage left him free and with a legal right to marry again. Subsequently learning that such was not the case, and that the validity of the marriage was questionable, he and the libellee joined in a petition to the legislature for the passage of an act to legalize or confirm said marriage, and thereupon the St. of 1869, c. 377, was passed. There is one child of this marriage, born before the passage of said statute and now in the custody of the libellee.

" If the marriage of the parties is valid, or made valid by the act of the legislature, so as to entitle the libellant to maintain this proceeding, a decree of divorce from bed and board is to be entered; otherwise, the libel to be dismissed."

*S. Snow*, for the libellant.

*I. Knowles, Jr.*, for the libellee.

*G. O. Shattuck & W. A. Munroe*, for the former wife.

CHAPMAN, C. J. The libellant has been legally married to a wife, who is still living. He was guilty of deserting her, and for this cause she obtained a divorce against him from the bond of matrimony. By Gen. Sts. c. 107, § 25, in cases of divorce from the bond of matrimony the innocent party may marry again, as if the other party were dead. In case of any marriage contracted by the guilty party during the life of the other party, except as provided in the following section, he shall be adjudged guilty of polygamy. The following section provides that upon petition to the supreme judicial court the party may be authorized by the court to marry again. This libellant, without obtaining such authority, married the libellee on the 20th of October 1864, in violation of the statute, and lived with her as her husband, and thus became guilty of the crime of polygamy. It appears that he did this in the belief that he had a right to marry again. But no principle is better established than that ignorance of the law is no excuse for its violation. Even in an indictment for the crime of polygamy it would have been no excuse; and we cannot pay any

regard to it in the present case. *Commonwealth* v. *Elwell*, 2 Met. 190. *Commonwealth* v. *Mash*, 7 Met. 472. *Commonwealth* v. *Boynton*, 2 Allen, 160.

He now brings this libel on the ground that the libellee has deserted him. But if this were the whole case, she had a right to desert him, and it was her duty to do so as soon as she ascertained the truth in regard to him. He denies that she had such right, and relies upon the St. of 1869, *c.* 377, which enacts that 'Benjamin White, and Mary F. White, who is now and has heretofore been reputed his wife, are hereby declared to be husband and wife to all legal intents and purposes." It was passed June 9, 1869, between two and three months before the alleged desertion. The libellant was not her husband, and is not entitled to a divorce, unless this act was constitutional. The Constitution provides, in part 2, *c.* 3, art. 5, that " all causes of marriage, divorce and alimony, and all appeals from the judges of probate, shall be heard and determined by the governor and council, until the legislature shall by law make other provision." Other provision was made as to some of these subjects soon after the Constitution was adopted; and when the special act of 1869 was passed all such cases, including petitions for leave to marry again, were, by the General Statutes, within the jurisdiction of this court, and this court alone could give him authority to marry again. No jurisdiction in cases of marriage, any more than in cases of divorce, alimony or appeals from the judges of probate, had been conferred by any law upon the legislature, nor did the Constitution give them any power to hear and decide each particular case. They had exercised their power to take away the jurisdiction of the governor and council, and confer it upon another tribunal; and until the general law by which they had done this should be altered or repealed, their power in such a case as the present was exhausted, as much as in a case of divorce, alimony or probate appeal. The libellant must obtain his authority to marry again from this court; and, without it, his marriage was illegal and he has no occasion to apply for a divorce. This view supersedes the necessity of discussing the other questions stated in the argument on either side.

*Libel dismissed.*