### ELIJAH BIGELOW *vs.* MARY BIGELOW.

When parties divorced from bed and board before the St. of 1870, *c.* 404, have lived apart for five consecutive years as provided in § 3, the divorce may be decreed absolute as a divorce from the bond of matrimony, upon the petition of either of them.

PETITION filed September 16, 1870, by a husband against whom his wife at April term 1865 (more than five years previously) had obtained a decree of divorce from bed and board for his utter desertion of her, for a decree under the St. of 1870, *c.* 404, § 3,* to make the divorce absolute as a divorce from the

---

* The St. of 1870, *c.* 404, provided in § 1 that thereafter no divorce from bed and board should be decreed in this Commonwealth, and all parties then so divorced should be in the same legal condition as if divorced *nisi* under the provisions of that statute, &c. By § 2 the causes (including utter desertion) for which a divorce from bed and board might be decreed under the Gen. Sts.

bond of matrimony, and for leave to marry again. Personal service of the petition was made on the wife, and she did not appear.

At the hearing, before *Gray*, J., the prayer for leave to marry again was struck out by order of the court; the petitioner proved that the parties had lived separately ever since the former decree; and the judge reserved the question whether it should be made absolute on the petition of the party against whom it was rendered, for the determination of the full court, who were to enter such decree as in their opinion should be requisite and proper.

*B. W. Potter & G. H. Ball*, for the petitioner.

CHAPMAN, C. J. At April term 1865 the petitioner's wife obtained against him a decree of divorce from bed and board for utter desertion. By Gen. Sts. *c.* 107, § 10, after they should have lived separately for five consecutive years afterwards, she might obtain a decree of divorce from the bond of matrimony; and after they should have lived separately for ten consecutive years either party might obtain it. By § 26, after such divorce from the bond of matrimony, this court, upon the petition of the party against whom it was granted, might authorize such party to marry again.

But the St. of 1870, *c.* 404, § 1, provides that all parties divorced from bed and board, at the time of the passage of the act, shall be in the same legal condition as if divorced *nisi* under the provisions of that act. That condition is, that, if they shall continue to live separately for five consecutive years next after the decree, the court shall, upon proof thereof, make the decree abso lute. There is a further provision, that the court may make such decree absolute at any time after the parties shall have lived apart for three consecutive years after the decree *nisi*. The statute does not specify which of the parties shall make the

---

*c.* 107, § 9, were made causes of divorce from the bond of matrimony. By § 3 it was provided that, in the cases mentioned in § 2, a decree of divorce *nisi* should be entered; and if the parties should live separately for five consecutive years next afterwards, the court on proof thereof should make the decree absolute, or might make it so at any time after the parties had lived apart for three consecutive years after the decree. By § 5, the Gen. Sts. *c.* 107, §§ 9, 10, 38, were expressly repealed.

proof; but, in the opinion of a majority of the court, its just construction permits either party to do so. It repeals Gen. Sts. *c.* 107, §§ 9, 10, 38, and thus takes from the party, against whom the first decree was made, the power to obtain the decree there provided for after the lapse of ten years. Unless, therefore, it permits that party to apply to have the divorce made absolute, it utterly takes from him the power to apply to this court for leave to marry again. Obviously this was not the intent of the legislature. The right to have the decree *nisi* made absolute is substituted for the right given by the General Statutes. There is no doubt of the power of the legislature to regulate divorces by general laws, and no rights of either party are taken away by limiting or extending the time for applying to have the decree made absolute as a divorce from the bond of matrimony. As such decree will not be granted without notice, the party who obtained the first decree has opportunity to come in and protect her rights ; and the other party will have no right to marry again without making application to the court and obtaining authority to that effect. In this case, the wife has had notice, and does not oppose the petition. *Decree of divorce nisi made absolute.*