DANIEL EDGERLY *vs.* SARAH M. EDGERLY.
SARAH M. EDGERLY *vs.* DANIEL EDGERLY.

A husband, in answer to a libel for divorce brought by his wife for desertion, alleged and introduced evidence to prove that her conduct for six years prior to the filing of her libel was so lewd as to justify him in refusing to live with her. The court having decreed the wife a divorce *nisi* under St. 1870, *c.* 404, it was *held*, that this decree was a bar to a libel brought by him for acts of adultery alleged to have been committed by her before the filing of her libel.

A decree for a divorce *nisi* under St. 1870, *c.* 404, §§ 2, 3, for desertion, does not prevent the libellant's maintaining another libel for adultery committed after the decree.

CROSS LIBELS for divorce from the bond of matrimony, heard together before *Morton*, J.

The libel of the husband was filed October 17, 1871, and alleged acts of adultery committed by the wife with one Wyman in March and April 1870.

To this libel the wife filed a plea in bar, protesting that she did not confess or admit these allegations to be true; and averring that at April term 1871 she filed a libel for divorce from the said Daniel, alleging as causes therefor the utter desertion of her by him, gross and confirmed habits of intoxication contracted by him since his marriage to her, and cruel and abusive treatment of her by him; that thereto he appeared and defended; that upon his motion and at his request she filed specification of acts of cruelty by him toward her; that among the acts of cruelty so specified by her against him were these following: that during the six years then last past he had habitually, falsely and cruelly accused her, to herself and to others, of the crime of adultery with said Wyman and with other men, and with being in the habit of lodging at hotels with other men than himself, as the wife of such men; that said Daniel, for answer to her said allegation of utter desertion, among other things said, " that her conduct before and after the separation was so lewd and improper as to justify him in refusing to live with her, even if she were willing or offered so to do;" that at the hearing upon said libel at said term, testimony was received in support of her said specification, tending to show that she had been accused by him of adultery with said

Wyman and others, and that said accusation was false and cruel · that at the same hearing he introduced conflicting testimony in relation thereto, and introduced testimony tending . to show an unusual intimacy between her and said Wyman, and on oath on the witness stand declared his own belief that she had been guilty of adultery with said Wyman and others ; and that, after a full hearing upon said libel, specifications and answer, the court granted to her a decree of divorce *nisi*, under the St. of 1870, *c.* 404, § 2, for the causes set forth in the libel, which decree still remains in full force and unreversed.

The present libel of the wife was filed February 26, 1872, and alleged acts of adultery committed by the husband on or about February 20, 1872, and at other times.

The judge reserved for the decision of the full court these two questions :

1st. Whether the decree *nisi* and the facts alleged in the plea were a bar to the maintenance of the husband's libel.

2d. Whether the decree *nisi* was a bar to the maintenance of the wife's present libel.

*C. F. Williams*, for the husband.

*C. Cowley*, for the wife.

GRAY, J. The husband, in answer to the wife's libel for a divorce for desertion and cruel and abusive treatment, having alleged that her conduct was so lewd and improper as to justify him in refusing to live with her, and having introduced testimony in support of that allegation, the decree of the court, granting her a divorce *nisi* under the St. of 1870, *c.* 404, for the causes set forth in that libel, necessarily involved an adjudication that she had not been guilty of such conduct, and of course not guilty of any act of adultery before the filing of that libel. That decree, (unless impeached and set aside for fraud, of which there is no pretence in this case,) is therefore a bar to his libel for a decree from the bond of matrimony on the ground of such acts of adultery. *Lewis* v. *Lewis*, 106 Mass. 309. *Lyster* v. *Lyster*, 111 Mass. 327. *Finney* v. *Finney*, L. R. 1 P. & D. 483. As the only causes of divorce alleged in the libel of the husband are acts of adultery committed by the wife before filing her former libel,

*His libel must be dismissed.*

But a divorce *nisi* under the St. of 1870, for one of the causes which would have previously entitled the libellant to a divorce from bed and board, is equivalent to such a divorce, authorizing the parties to live apart, but not dissolving the bond of matrimony until made absolute by the court by a new decree upon a new petition after they have continued to live separately for five, or at least three years. *Graves* v. *Graves,* 108 Mass. 314, 320. So long as the bond of matrimony is not absolutely dissolved, the commission of adultery by either party is equally a breach of the marital obligation, whether they are living together or separately ; and the fact that the innocent party has already, for a less hei‧nous violation of marital duty, obtained a qualified and incomplete divorce, which, if the parties continue to live apart for a certain time, may be made absolute, affords no reason why that party should be debarred from immediately seeking an absolute and complete divorce for an offence which there is nothing to excuse or palliate, and which is declared by statute to be of itself a cause for the final dissolution of the matrimonial relation. *Geils* v. *Geils,* 1 Macq. 255. *Ritchie* v. *Ritchie,* 4 Macq. 162. *Hulse* v. *Hulse,* L. R. 2 P. & D. 259. The decree *nisi* is therefore no bar to the maintenance of the wife's libel, for adultery committed by the husband since the former decree, and

*Her libel must stand for hearing.*