GEORGE SPARHAWK *vs.* MARY S. SPARHAWK.

Since the repeal by St. 1873, *c.* 371, of St. 1870, *c.* 404, § 3, giving the court power to enter a decree of divorce *nisi*, to be afterwards made absolute, an absolute decree cannot be entered in favor of one against whom a divorce *nisi* had been granted under that statute; and, as such divorce *nisi* is not a divorce from the bond of matrimony, he cannot be authorized to marry again.

PETITION for a divorce from the bonds of matrimony, and for leave to marry again.

The petition was as follows:

" Respectfully represents your petitioner, George Sparhawk, of Lexington, in the county of Middlesex, aforesaid, that a libel for a divorce was filed in said court by Mary S. Sparhawk, against your petitioner, for not supporting said Mary S. according to the means of your petitioner, also for extreme cruelty; that on May 27, 1872, it was ordered and decreed by the court that a divorce *nisi* be entered in favor of the libellant, on the ground of extreme cruelty; and that the said parties have lived apart for two years without the least chance for a reconciliation. Therefore your petitioner prays that this honorable court would grant a divorce from the bonds of matrimony between said parties; and that your honors would graciously grant leave to your petitioner to marry again."

The wife acknowledged service of the petition, but did not appear further. The petition was heard by *Colt*, J., who found that

the facts therein stated were proved, and reserved the questions of law arising thereon for the consideration of the full court.

*G. Sparhawk, pro se.*

GRAY, C. J. The decree *nisi* under the St. of 1870, *c.* 404, § 3, did not dissolve the marriage. *Graves* v. *Graves*, 108 Mass. 314. *Edgerly* v. *Edgerly*, 112 Mass. 53. The repeal of that section by the St. of 1873, *c.* 371, § 5, did not make that decree an absolute divorce, but took away the authority which the court had under that section, as held in *Bigelow* v. *Bigelow*, 108 Mass. 38, to make it absolute on the petition of either party. By the express terms of the St. of 1873, *c.* 371, § 3, the authority thereby conferred upon the court to grant a divorce from the bond of matrimony can be exercised only " on petition of any party to whom a divorce *nisi*, or a divorce from bed and board has been granted." The petitioner, not being the party to whom, but being the party against whom, the divorce *nisi* was decreed, is not therefore entitled to a divorce from the bond of matrimony. And not being divorced from the bond of matrimony, he cannot have leave, under the St. of 1873, *c.* 371, § 4, to marry again.

*Petition dismissed.*