## HARRIET THOMPSON *vs.* ROBERT THOMPSON.

Where a guilty party in a case of divorce, marries again, without leave of court, during the life of the other party, and afterwards obtains such leave, a continued cohabitation in the belief that the marriage already solemnized is, or has become, legal, does not render it so.

LIBEL for a sentence of nullity of marriage, on the ground that the libellee had another wife living at the time of the marriage.

At the hearing, before *Wells*, J., the following facts were proved or admitted : On January 12, 1859, the libellee was lawfully married to one Ruth Amelia West, at Boston, in the county of Suffolk. They afterwards lived together as husband and wife at Brookline, in the county of Norfolk, for the period of nineteen

months. At the February term, 1867, of the Supreme Judicial
Court, holden at Dedham, February 19, 1867, she obtained a
decree of divorce from the bonds of matrimony from him for his
desertion. November 21, 1867, he and the libellant went to-
gether to the office of an attorney at law in Boston, and he, in
her presence, signed and made oath to a petition for leave to
marry again. She at this time knew of the fact of the former
marriage and divorce, and understood that the purpose of the
petition was to obtain a decree of court which would have the
effect of enabling him to marry again. That evening they were
married by a duly qualified minister of the gospel. February 18,
1868, he obtained a decree authorizing him to marry again.
From November 28, 1867, up to the time of the granting of this
decree, they cohabited together as husband and wife, and from
that time, continuously, till about January 1, 1873, under the
belief, on her part, that the original marriage between them was,
or had become, valid, and with the understanding on the part
of both, that by such proceedings and by such subsequent cohab-
itation, they became, and were lawfully, husband and wife, until
about January 1, 1873, when she was advised that the marriage
was void. Since February 18, 1868, two children had been born
to them, and were still living.

Upon the foregoing facts, the presiding justice was of opinion
that the pretended marriage between them was void, and ordered
a decree to be entered accordingly, from which decree the re-
spondent appealed, and the case was thereupon reported for the
consideration of the whole court.

*G. W. Morse & J. H. Hardy*, for the libellant.

No appearance for the libellee.

GRAY, C. J. To constitute a valid marriage by the law of
this Commonwealth, it must be solemnized between parties com-
petent to contract it, and (except in the case of Quakers) before
a person being or professing to be a justice of the peace or min-
ister of the gospel. *Milford* v. *Worcester*, 7 Mass. 48. Gen. Sts.
*c.* 106, §§ 14–20.

At the time of the ceremony of marriage between these par-
ties, the husband was incapable of contracting marriage in this

Commonwealth, because he had been divorced, for his fault, from a former wife (who must be inferred from this report to have been still living), and had not obtained from the court leave to marry again. Gen. Sts. c. 107, § 25. The solemnization of the second marriage, therefore, gave it no validity, and the cohabitation between the parties was unlawful at its beginning, and could only become lawful upon a new solemnization of matrimony after the husband had obtained leave to marry again.

The case, as stated in the report, shows that such new solemnization was not proved to the satisfaction of the presiding judge as matter of fact, and does not require it to be presumed as matter of law. *Northfield* v. *Plymouth*, 20 Vt. 582. The mere belief of either or both parties that they were husband and wife does not constitute a legal marriage. *White* v. *White*, 105 Mass. 325. A decree of nullity must, therefore, be entered as prayed for. *Glass* v. *Glass, ante*, 563. *Decree of nullity.*