## MARY S. SPARHAWK *vs.* GEORGE SPARHAWK.

Middlesex.   Jan. 12. — 29, 1876.   COLT & ENDICOTT, JJ., absent.
June 21, 1876.   COLT & DEVENS, JJ., absent.

On a petition to make absolute a decree of divorce *nisi* obtained for extreme cruelty, and to award a gross sum in full of all alimony, instead of an annual sum, ordered at a preceding term, the decree of alimony may be revised for the reason of altered circumstances of either or both of the parties, and the former relations and conduct of the parties, the circumstances of the separation, and the facts upon which any former decree was founded, as well as any new facts bearing upon the question, may be taken into consideration.

In a case of divorce or alimony, no appeal lies to the full court in matter of fact.

PETITION, filed at October term 1874, to make absolute a decree of divorce *nisi* obtained by the petitioner against the respondent at April term 1872, for extreme cruelty; and to award her a gross sum in full of all alimony, and instead of the sum of $4000 annually, as ordered by the court at April term 1873.

The divorce was accordingly made absolute; and at the hearing upon the question of alimony, the respondent " contended that it is a general rule in equity that in all cases when the for-

mer wife applies for alimony on the ground of cruelty, her own conduct must not be impeachable with such violence or *sœvitia* as might provoke her husband to retaliate ; and offered evidence to substantiate the position." *Ames*, J., ruled that such evidence was not admissible in this proceeding and at this stage of the case ; and the respondent alleged exceptions to this ruling, which were argued in January, 1876.

*G. Sparhawk*, *pro se*.

*H. G. Parker*, for the petitioner.

AMES, J. This motion was heard and considered by the court as if it were merely an attempt to settle upon a sum in gross which should be as nearly as possible an equivalent, considering the age and expectation of life of the respective parties, for the annual allowance already decreed to the wife as alimony. But we are satisfied that this was an erroneous view of the case. If the libellant thought proper to open the subject of alimony by a motion to change the form of the allowance, it rendered it proper and necessary for the court to consider, not only what would be a proper substitute, as an equivalent for the sum already ordered as a matter of periodical payment, but also what the special circumstances of the case required. Upon such a motion, not only the decree for alimony may be revised for the reason of altered circumstances of either or both of the parties, but also the former relations and conduct of the parties, the circumstances of the separation, and the facts upon which any former decree was founded, as well as any new facts bearing upon the question, may be taken into consideration. *Graves* v. *Graves*, 108 Mass. 314. It follows that the *Exceptions must be sustained.*

The matter was then further heard before *Ames*, J., who entered a decree awarding to the petitioner alimony in gross in the sum of $30,000. From this decree the respondent appealed, and the appeal was argued in June, 1876.

*H. G. Parker*, for the petitioner.

*G. Sparhawk*, *pro se*, contended that the judge hearing the case should have reported the evidence to the full court ; that under the Gen. Sts. *c.* 107, § 53 ; *c.* 113, §§ 8, 21, the case might be reheard on the evidence ; and that the evidence would show that the amount of alimony awarded was too large.

GRAY, C. J.   This appeal is founded upon a misapprehension of the statutes which regulate the practice of this court in the exercise of the different branches of its jurisdiction.

In cases within its jurisdiction in equity or in probate, an appeal lies in matter of fact as well as in matter of law; but if no request is made, at the hearing before a single justice, for a report of the facts, or the appointment of a commissioner to take the evidence, nothing is open before the full court on appeal but the question whether the decree below is warranted by the allegations and prayer of the bill or petition.   Gen. Sts. *c.* 113, §§ 8, 10, 11, 14, 21; *c.* 117, § 14.   *Wright* v. *Wright,* 13 Allen, 207.   *Mason* v. *Daly,* 117 Mass. 403.

This appellant is not therefore entitled to be heard before the full court upon any question of fact, even if the case could be considered as a proceeding in equity.   But we are unwilling to rest our decision on this ground, or to imply that in any case of divorce or alimony a party has the right to have the evidence reported or the decision of a single justice revised in matter of fact.

In cases at common law, questions of fact are conclusively settled by the verdict of a jury or the decision of a judge at *nisi prius,* and a judgment rendered accordingly can be revised by the full court in matter of law and by bill of exceptions only. Gen. Sts. *c.* 115, § 7; *c.* 129, §§ 66, 67.   St. 1874, *c.* 248.   *Joannes* v. *Burt,* 6 Allen, 236, 239.

In cases of divorce and alimony, the statutes have made the jurisdiction and practice as to the trial of facts, and the right of exception in matter of law, to conform to the proceedings in actions at common law.   St. 1820, *c.* 14, § 10.   Rev. Sts. *c.* 76, § 7.   St. 1855, *c.* 56.   Gen. Sts. *c.* 107, §§ 13, 15.   The statutes providing that orders for alimony may be enforced in the same manner as decrees in equity, that all matters of divorce and alimony, when the course of proceeding is not specially prescribed, may be heard and determined according to the course of proceeding in ecclesiastical courts and courts of equity, and that interlocutory orders may be passed in vacation, do not extend the jurisdiction of the full court to revise the orders of a single justice.   Gen. Sts. *c.* 107, §§ 45, 53.   St. 1866, *c.* 148, § 1.

*Appeal dismissed.*