### JAMES MOORS vs. HANNAH MOORS.

Hampden.   Sept. 27. — Nov. 2, 1876.   COLT & MORTON, JJ., absent.

A decree of divorce *nisi* under the St. of 1867, c. 222, was granted, which by its terms was to be made absolute on notice, after six months' publication, "unless sufficient cause to the contrary appear." Within the six months, the libellant, believing that he had obtained a divorce, and was at liberty to marry again, married another woman, and had sexual intercourse with her. *Held*, that the second marriage was illegal and void, and that the libellant was not entitled to have the decree of divorce made absolute.

LIBEL for divorce from the bonds of matrimony for desertion. Hearing before *Gray*, C. J., who reserved the case for the consideration of the full court as follows :

At September term 1874, the libel was filed, and notice ordered by publication, returnable at April term 1875, when a decree of divorce *nisi* was granted, to be made absolute on notice after six months' publication, "upon compliance with the terms thereof, unless sufficient cause to the contrary appear." At the hearing upon the motion to make the decree absolute, it appeared that its terms had been complied with; but that in June, 1875, the decree not having been made absolute, and the libellee being still alive, the libellant, believing that he had obtained a divorce and was at liberty to marry again, married another woman, and that she was now pregnant by him. Such order or decree is to be made as law and justice may require.

*M. P. Knowlton*, for the libellant.

No counsel appeared for the libellee.

AMES, J. The decree *nisi* heretofore entered in this case was, as the term imports, provisional only, and did not have the effect of dissolving the marriage between the parties. The libellant was not entitled to a full divorce until he had proved that he had given the notice required by the rule of the court under the St. of 1867, *c.* 222, and that no cause to the contrary had been made to appear. Until that is done, and the conditional decree of divorce is made absolute, the marriage relation between the parties continues to subsist. Of course the subsequent marriage, which the libellant has undertaken to contract with another woman, is illegal and void. *Graves* v. *Graves*, 108 Mass. 314, 320. *Edgerly* v. *Edgerly*, 112 Mass. 53.

It is urged that as the libellant acted under the belief that he had obtained a divorce and was at liberty to marry again, his intercourse with the woman whom he had since married was not adulterous. But we do not find, in the facts reported, anything to justify him in such an assumption. The terms of the notice which he was required to give imply the possibility that some cause might be shown why the divorce should not be made absolute. If he acted in good faith, and under an honest mistake as to his rights and duties, that fact might properly be considered in mitigation of punishment if he should be indicted for adultery, but would be of no avail as a ground of defence. *Commonwealth* v. *Thompson*, 11 Allen, 23. It hardly need be added, that this second marriage furnishes sufficient cause why the conditional divorce should not be made absolute. We cannot agree with the counsel for the libellant, that the illegality is merely technical. *Clapp* v. *Clapp*, 97 Mass. 531.

*Libel dismissed.*