## ELIZABETH M. STUART *vs.* RICHARD STUART.

Essex.    Nov. 8. — 28, 1877.    MORTON & SOULE, JJ., absent

A conveyance and transfer by a husband of his property, in anticipation of his wife's filing a libel against him for a divorce and for alimony, and with intent to prevent the execution of any decree for alimony that she might obtain, does not of itself constitute a contempt of court; but such a conveyance and transfer, with the fact that the grantees were his son-in-law and daughter, are, upon a petition for an attachment for contempt for neglect and refusal to obey such a decree, competent evidence on the question whether the husband has in his possession or control the means of obeying the order of the court, and is consequently in contempt for disobedience.

In a case of divorce or alimony, a question of fact cannot be reserved on report for the full court.

PETITION, filed June 4, 1877, for an attachment for a contempt in neglecting and refusing to give bond to secure the payment of alimony in accordance with the terms of a decree of this court, rendered at April term 1877, upon the libel of the petitioner, filed May 19, 1876, and the default of the respondent, and granting her a divorce from the bond of matrimony, and ordering him to pay to her the sum of $250 and costs on May 1, 1877, and the further sum of $300 yearly until otherwise ordered, as alimony, in equal quarterly payments, beginning on August 1, 1877, and to file, within thirty days after notice after that decree, a bond issuing to her with sureties approved by the clerk of the court, for the payment of such alimony.

Hearing before *Lord*, J., who reported for the determination of the full court the question whether an attachment for contempt should issue upon the following facts:

It was admitted that the respondent had had due notice of the former decree, and had not filed a bond as thereby required. He was not present in person at the hearing, but alleged, through counsel, that he was unable by reason of physical disability to be present. An affidavit by him was filed, stating that he had no property, that he had sold all his property and had paid over the proceeds to the petitioner's attorney to satisfy the costs of the libel, and had made every effort to comply with the further terms of the decree, but was utterly unable to do so or to furnish sureties as required. There was no other evidence of any efforts to obtain a bond.

In relation to the respondent's property it appeared as follows : The petitioner left the respondent in February, 1876, on account of his cruel and abusive treatment of her. In March, 1876, the respondent, in anticipation of proceedings for divorce, and with the intention and purpose of defeating and nullifying any decree of this court for the payment of alimony to her, made conveyances of a large amount of his property, both real and personal, to his son-in-law, for no consideration except a bond taken by him for his own support during his natural life; and a sum of money amounting to nearly $1000, not thus conveyed to his son-in-law, was placed in the hands of a daughter, with the same purpose and design.

*H. Carter*, for the petitioner.

*D. Saunders & C. G. Saunders*, for the respondent.

GRAY, C. J. This is a petition for an attachment for a contempt in neglecting and refusing to obey an order of this court, requiring the respondent to give bond for the payment of alimony to the petitioner: No question as to the form of the petition has been argued or considered. The only question reserved is whether, upon the facts stated in the report, an attachment should issue. But we have not sufficient facts before us to enable us to decide that question.

The respondent's conveyance and transfer of his property, in anticipation of his wife's filing a libel against him for a divorce and alimony, and with intent to prevent the execution of any decree for alimony that she might obtain, were a fraud upon her, for which she might in proper form have redress. *Burrows* v. *Purple*, 107 Mass. 428, 435. But they could not of themselves constitute a contempt of court; because a person cannot be in contempt of court for disobedience of an order not yet passed, in a suit not yet begun, and of which therefore he cannot have had notice. *Thompson* v. *Baskervill*, 3 Rep. in Ch. 114. *Winslow* v. *Nayson*, 113 Mass. 411. *In re Chiles*, 22 Wall. 157, 169.

Such conveyance and transfer by the respondent, with the fact that the grantees were his son-in-law and daughter, were competent evidence upon the question whether the respondent now has in his possession or control the means of obeying the order of the court, and is consequently in contempt for disobedience of that order. But this is a question of fact, which has not

been passed upon below, and cannot be reported for the determination of the full court. Gen. Sts. *c.* 112, § 10. *Sparhawk* v. *Sparhawk*, 120 Mass. 390. The matter must therefore stand for        ·        *Further hearing before a single judge.*