EDWIN C. COOK *vs.* ANNIE M. COOK.

Suffolk.    Jan. 18. — Feb. 26, 1887.    HOLMES & GARDNER, JJ., absent.

A marriage, solemnized after the filing by the woman of an application to have a
decree nisi, entered in her favor upon a libel for divorce from a former hus-
band, made absolute, but before the entry of the decree absolute, which is not
entered until the day after the marriage, is void, under the Pub. Sts. *c.* 145,
§§ 4, 7, and the man is entitled to have the same annulled, under § 11; and the
belief of the parties that the marriage was valid, although they knew that the
decree absolute had not been entered, is immaterial, and does not bring the case
within the provisions of § 27.

LIBEL for a sentence of nullity of marriage.    Hearing before
*W. Allen,* J., who reported for the determination of the full court
the following case :

The parties were married on November 20, 1882, both being
residents of this Commonwealth.    The alleged reason of the in-
validity of the marriage is that the libellee had a former husband
living.    She was married in 1873 to John W. Cameron, and, on
May 18, 1882, a decree of divorce nisi was duly entered in her
favor against him in this court for the cause of desertion.

On November 20, 1882, she duly filed her application to have
the decree made absolute, and was entitled to such decree, and
on November 21, 1882, the decree was made absolute.    The par-
ties to this libel had arranged to be married to each other on the
evening of said November 20, both parties having knowledge of
the former marriage of this libellee and of said proceedings for
a divorce, and both expecting that the decree would be made
absolute on that day, before the marriage.    About the hour
appointed for the marriage, the counsel for this libellee informed
her that he had not been able to present the application for a
decree absolute to a judge on that day, and that the decree would
not be entered until the next day.    She would have postponed
the marriage but for the persuasions of this libellant, and his as-
surances that her divorce was absolute without the entry of the
decree, and that she could lawfully marry him at that time.

Both parties then knew that this libellee was entitled to a
decree absolute, and believed that it would be entered on the
next day; and then, and during subsequent cohabitation in this

Commonwealth, believed their marriage to be valid, although consummated before the entry of the decree absolute.

Unless for said proceedings in divorce, the libellee was the wife of John W. Cameron at the time of her marriage with the libellant, which he seeks to have annulled.

*T. E. Grover*, for the libellant.

*T. S. Dame*, for the libellee.

FIELD, J.    This libel is within the provisions of the Pub. Sts. *c.* 145, § 11.    The decree of divorce nisi did not dissolve the bond of matrimony existing between Annie M. Cameron and John W. Cameron, and she was, at the time her marriage with the libellant was solemnized, the wife of Cameron.    Her belief that her marriage with the libellant was valid is, in law, immaterial, for such a marriage is absolutely void.    Pub. Sts. *c.* 145, §§ 4, 7.    The facts reported do not bring the case within the Pub. Sts. *c.* 145, § 27.    It is contended that the absolute decree of divorce entered on her libel against Cameron on November 21, 1882, may be held to relate back to the time when she filed her application for a final decree, which was on November 20, 1882, and before her marriage with the libellant.    It does not appear that this decree was ordered by the court to take effect as of November 20, or as of any date prior to the signing of the decree. There is nothing in the statutes indicating that such a decree can be made to take effect before it is signed, and we doubt the power of the court to enter such a decree *nunc pro tunc*.    However this may be, the decree in this case was not entered *nunc pro tunc*.    The libellant is entitled to a decree declaring the marriage void.    *White* v. *White*, 105 Mass. 325.    *Edgerly* v. *Edgerly*, 112 Mass. 53.    *Fox* v. *Davis*, 113 Mass. 255.    *Thompson* v. *Thompson*, 114 Mass. 566.    *Moors* v. *Moors*, 121 Mass. 232.

The form of the decree must be settled by a single justice, to whom application may be made by either party for orders concerning the care, custody, and maintenance of the minor child. See Pub. Sts. *c.* 145, § 15.                    *So ordered.*