JENNIE L. PRATT *vs.* HERBERT A. PRATT.

Middlesex.   March 28, 1892. — December 28, 1892.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Divorce — Practice — Evidence — Bona Fide Marriage by Libellant before Decree Nisi is made Absolute — Right to have Decree made Absolute afterwards — Finding of Good Faith.*

Rule 5 of the rules of the Superior Court for the regulation of practice in divorce is as follows : " At any time before the expiration of six months from the granting of a decree of divorce *nisi,* the libellee, or any other person, may file, in the office of the clerk for the county in which the libel is pending, a statement of objections to an absolute decree ; such statement to set forth the facts on which it is founded, verified by affidavit."   Section 6 of the St. of 1887, c. 332, giving the Superior Court original jurisdiction of causes of divorce, provides that such court " shall establish all necessary rules to regulate the practice under this act." *Held,* that it is within the power of a single justice in a divorce case, where a cause arises, after the six months, which may influence his decision in refusing to make a decree absolute, to admit evidence thereof.

A libellant in a libel for divorce, who has obtained a decree *nisi,* and who, after waiting the time required by law, believing and having reasonable ground to believe that he has obtained a decree absolute, and being guilty of no negligence, marries again and cohabits with the person he has married, is entitled nevertheless, to have the decree *nisi* made absolute.

A woman obtained a decree *nisi* in divorce proceedings in this Commonwealth. Before the expiration of six months, while living in another State, she wrote to her attorney in the divorce proceedings to have the papers of her divorce sent to her at once, and asking if it was necessary for her to appear personally to have the divorce granted; and in the same month she received a reply from her attorney stating that the six months would not expire until the next month, that he would then attend to having the decree made absolute, and that it would not be necessary for her to appear personally.   The attorney was prevented from attending to the matter by reason of illness.   The libellant, supposing that her attorney had attended to the matter, and that her divorce had been made absolute, after the six months had expired, without doing anything more as to her divorce, married again in the other State, in good faith, believing that she had a legal right so to do, and lived with the man whom she had married until she learned that the divorce had not been made absolute, and that the marriage was not valid.   *Held,* that these facts would warrant a finding that the libellant was not guilty of negligence; and that she honestly believed and had reason to believe in the existence of a fact which, if true, would have made her remarriage lawful.

LATHROP, J.   This is a libel for divorce.   The facts in brief are these.   On June 10, 1891, the libellant obtained a decree *nisi* for gross and confirmed habits of intoxication, and cruel and

abusive treatment on the part of the libellee. In November, 1891, the libellant, who was then living in New Hampshire, wrote to her attorney in the divorce proceedings to have the papers of her divorce sent to her at once, and asking if it was necessary for her to appear personally to have the divorce granted, and in the same month received a reply from her attorney stating that the six months would not expire till December 10, 1891, that he would then attend to having the decree made absolute, and that it would not be necessary for her to appear personally. The attorney was prevented from attending to the matter by reason of illness. The libellant, supposing that her attorney had attended to the matter, and that her divorce had been made absolute, on December 26, 1891, in New Hampshire, without doing anything more as to her divorce, married one Smith, in good faith, believing that she had a legal right so to do, and lived with him till she learned that the divorce had not been made absolute, and that said marriage was not valid.

On January 11, 1892, the father of Smith appeared by his attorney, and filed a motion for leave to appear and oppose the granting of an absolute decree in this case, and alleging the marriage with Smith. On the same day, the attorney stated this marriage as a fact to the court. On January 25, 1892, the libellee appeared by attorney, and filed a similar motion.

The application to have the decree made absolute was filed on January 19, 1892. A time was appointed for a hearing on this application ; and at this hearing the judge allowed the attorney for the libellee and for the father of Smith to appear and cross-examine the witnesses in support of the application, and to be heard on the law and the evidence. After the hearing, the judge ruled that neither the libellee nor Smith had the right to appear and file objections, and disallowed their motions. He nevertheless found the facts as to the second marriage to be as above set forth.

The libellant contends that the ruling of the judge was right in disallowing the motions; and that, as there was then nothing of record before the court to show why a decree should not be entered making the divorce absolute, the libellant was entitled to a decree. Rule 5 of the rules of the Superior Court for the

regulation of practice in divorce, is as follows: "At any time before the expiration of six months from the granting of a decree of divorce *nisi*, the libellee, or any other person, may file in the office of the clerk for the county in which the libel is pending, a statement of objections to an absolute decree; such statement to set forth the facts on which it is founded, verified by affidavit."

Section 6 of the St. of 1887, c. 332, giving the Superior Court original jurisdiction of causes of divorce, provides that "the Superior Court shall establish all necessary rules to regulate the practice under this act." It is true, as contended by the libellant, that a rule of court has the force of law, and is binding upon a judge, and he has no authority to dispense with it. *Baker* v. *Blood*, 128 Mass. 543, 545. Nevertheless, we have no doubt of the power of a single justice in a divorce case, where a cause arises after the six months which may influence his decision in refusing to make a decree absolute, to admit evidence thereof, even if he has not the power when the cause arises within the six months, a question which it is not necessary in this case to decide. We are of opinion, therefore, that the evidence of the second marriage was properly before the court. See 2 Bish. Mar. & Div. § 253, and cases cited.

On the principal question in the case, the judge in his report to this court states: "If I had discretionary power, I should grant the application of the libellant and make said decree absolute, but I ruled, as matter of law, that the application could not be granted because of said marriage of December 26, 1891, and ordered the libel dismissed." This ruling was made as matter of law; and the case is reported for our determination.

It is undoubtedly true that the divorce *nisi* did not dissolve the marriage between the libellant and the libellee. *Graves* v. *Graves*, 108 Mass. 314, 320. *Fox* v. *Davis*, 113 Mass. 255, 258. *Sparhawk* v. *Sparhawk*, 114 Mass. 355. *Garnett* v. *Garnett*, 114 Mass. 379. *Moors* v. *Moors*, 121 Mass. 232. *Cook* v. *Cook*, 144 Mass. 163. The new marriage was therefore void. Pub. Sts. c. 145, §§ 4, 7. *Cook* v. *Cook*, *ubi supra*.

Where a marriage is void, the fact that a person entered into it in good faith, and with the belief that he had the right to marry, is immaterial on the question of its validity. *White* v.

*White*, 105 Mass. 325. *Glass* v. *Glass*, 114 Mass. 563. *Thompson* v. *Thompson*, 114 Mass. 566. *Cook* v. *Cook*, *ubi supra.*

If we assume in the case at bar that the libellant, by reason of her second marriage and her subsequent intercourse with Smith, which must be presumed from the fact of cohabitation, was technically guilty of the crime of adultery, (see *Commonwealth* v. *Thompson*, 6 Allen, 591, and 11 Allen, 23,) we are nevertheless of opinion that it was within the power of the justice who heard this case to enter a decree for the libellant, if he was satisfied on the evidence that she acted under a mistake of fact; that negligence was not imputable to her; and that she was not guilty of any moral fault.

If the alleged offence of the libellant had been formally pleaded, it would have been by way of recrimination, " a set-off of equal guilt," as was said by Sir William Scott in *Beeby* v. *Beeby*, 1 Hagg. Eccl. 789, 790. " The doctrine, that this if proved is a valid plea in bar," remarks the same learned judge in this case, " has its foundation in reason and propriety." The principle on which such a plea is allowed is stated by Mr. Greenleaf to be, " that the party cannot justly complain of the breach of a contract which he has himself violated." 2 Greenl. Ev. § 52.

While adultery is mentioned by the Pub. Sts. c. 146, § 1, among the causes for which " a divorce from the bond of matrimony may be decreed," it is not true that that which is technically known as adultery is under all circumstances a cause of divorce or the subject of a valid recriminatory plea. Our statutes contain no provisions relating to collusion, connivance, condonation, or recrimination, all of which we have adopted into our procedure from the canon and ecclesiastical law of England.

Thus, if a wife commits adultery with her husband's knowledge or consent, or by his connivance, he cannot obtain a divorce from her for such adultery. *Pierce* v. *Pierce*, 3 Pick. 299. *Cairns* v. *Cairns*, 109 Mass. 408. So, if a wife commits adultery, and her husband condones it, she may bring a libel for divorce against him for an act of adultery subsequently committed by him, and he cannot successfully set up as a defence her prior adultery. *Cumming* v. *Cumming*, 135 Mass. 386. *Anichini* v. *Anichini*, 2 Curt. Eccl. 210.

Where a libellant has obtained a decree *nisi*, and after waiting the time required by law, believing and having reasonable ground to believe that he has obtained a decree absolute, and being guilty of no negligence, marries again and cohabits with the person he has married, he ought not to be prevented, in our opinion, from having his decree *nisi* made absolute.

Many cases might be supposed to show the great injustice of any other rule. Suppose a woman obtains a decree *nisi* from her husband, who by artifice causes a report of his death to be spread abroad, and this is generally believed, and administration is granted on his estate, and the woman, honestly believing him to be dead, and having good reason so to believe, marries again, ought she not, on his reappearance, to be entitled to have the decree *nisi* made absolute?

In *Moors* v. *Moors*, 121 Mass. 232, which is much relied upon by the counsel opposing the granting the divorce in the case at bar, the libellant married again within six months from the granting of the decree *nisi*, supposing that he was at liberty to marry under such a decree. This was a mistake of law, and not one of fact; and this was held a sufficient ground for refusing him a decree absolute.

In *Whippen* v. *Whippen*, 147 Mass. 294, there was no question of a mistake of either law or fact. The point decided was, that a man could not obtain a divorce from his wife for the cause of her desertion of him, if, after the desertion had continued for more than seven years, he married and cohabited with another woman, not actually knowing his first wife to be living at the time. As pointed out in the opinion, it did not appear " that he did not have reason to believe, and that he did not believe, that she was alive, or that he did not have information of her which would have led to actual knowledge had he made inquiry."

On the facts disclosed in the case at bar, we are of opinion that it was open to the judge to find that the libellant was not guilty of negligence, and that she honestly believed and had reason to believe in the existence of a fact which, if true, would have made her remarriage lawful. See *Smith* v. *Smith*, 64 Iowa, 682; *Robertson* v. *Robertson*, 9 Daly, 44.

As these questions of fact have not been passed upon, the

case must be remitted to the Superior Court for further proceedings.                                    *So ordered.*

*F. L. Washburn*, for the libellant.

*C. A. Drew*, for the libellee.