JOHN O. DARROW *vs.* LUCRETIA A. A. DARROW.

Suffolk. March 9, 1893. — June 2, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & LATHROP, JJ.

*Divorce — Practice — " Pending " Case — Petition to have Decree Nisi made Absolute — Statute — Finding.*

A decree *nisi* was granted in a libel for divorce, in 1871, and nothing further was done in the case until the April term, 1877, when the following entry was made, by direction of the presiding justice, in that and other pending libels for divorce, in which nothing appeared to have been done for some time : " Ordered that said libel be dismissed from the docket." The object of this order was, not to dismiss such cases absolutely, but to relieve the docket and dispense with the necessity of calling them whenever the docket was called, leaving parties, if for any reason further action was required, to move that the entry be stricken off and the case brought forward. Such a motion was made at the hearing of a petition, filed in this court in 1892, to make the decree absolute, and was granted, so far as the justice had power to do so. *Held*, that the case was "pending" in this court, within the meaning of the St. of 1887, c. 332, which, by § 1, gave the Superior Court exclusive original jurisdiction of all causes of divorce, and, by § 5, provided that the act should not affect any case pending in this court at the time when it took effect.

If the libellant in a libel for divorce, in which a decree *nisi* was entered in 1871, fails to satisfy the justice who hears his petition, filed in this court in 1892, to have the decree made absolute, that the entry of the decree *nisi* was published, as required by the St. of 1867, c. 222, § 2, the petition must be dismissed, unless he is, by subsequent statutes, entitled to a decree absolute.

The libellant in a libel for divorce, brought under the Gen. Sts. c. 107, § 7, after the St. of 1870, c. 404, took effect, who has obtained a decree *nisi*, but has failed, to make publication thereof, as required by the St. of 1867, c. 222, § 2, is entitled, under the Pub. Sts. c. 146, § 3, the parties having lived separately for three consecutive years next after the decree, to have the decree made absolute.

The libellant in a libel for divorce, in which a decree *nisi* was entered in 1871, filed a petition in this court in 1892 to have the decree made absolute. At the hearing, the petitioner failed to satisfy the judge that he had made the publication required by the St. of 1867, c 222, § 2, and it was found that the petitioner, after the decree *nisi*, went to another State and there married again, six or seven years afterwards, supposing that he had obtained an absolute divorce ; and that, after living with the second wife a year or so in that State, they came to this Commonwealth, where they continued to live until her death, about a year and a half before the filing of the petition, and where he still lived. *Held*, upon report, that the case should stand for a further hearing, in order that the petitioner might show, if he could, that publication was made, or what his reasons were, if any, for supposing that he had obtained an absolute divorce.

LATHROP, J. This is a petition, filed on April 15, 1892, to make absolute a decree of divorce granted by this court to the

petitioner on October 5, 1871, for the cause of desertion on the part of the respondent. A hearing was had before a single justice, who has reported the case for our consideration.

1. Nothing appears of record in the case after the granting of the decree *nisi*, until at the April term, 1877, when the following entry was made, by direction of the presiding justice, in this and other pending libels for divorce in which nothing appeared to have been done for some time: " Ordered that said libel be dismissed from the docket." The object of this order was not to dismiss such cases absolutely, but to relieve the docket, and to dispense with the necessity of calling them whenever the docket was called, leaving parties, if for any reason further action was required, to move that the entry be stricken off and the case brought forward. Such a motion was made when this case was heard. The justice granted the motion, leaving the question of his power to do so for our consideration.

The only question raised on this part of the report, we understand, is whether the case can be said to be pending in this court within the meaning of the St. of 1887, c. 332, which, by § 1, gives the Superior Court exclusive original jurisdiction of all causes of divorce, and, by § 5, provides that " this act shall not affect any case pending in the Supreme Judicial Court at the time when it takes effect." On this point we have no doubt that the case was pending in this court when the St. of 1887 took effect, and that this court alone had jurisdiction to deal with it. See *Peaslee* v. *Peaslee*, 147 Mass. 171.

2. The Gen. Sts. c. 107, provided for two kinds of divorce for the cause of desertion. Section 7 provided that " a divorce from the bond of matrimony may be decreed in favor of either party when one party has deserted the other for five years consecutively." Section 9 allowed a divorce from bed and board for " utter desertion." Section 10 provided that " when a divorce from bed and board has been decreed for any cause mentioned in the preceding section, and the parties have lived separately for five consecutive years next after the decree, a divorce from the bonds of matrimony may be decreed upon the petition of the party in whose favor the decree was granted."

The St. of 1867, c. 222, provided, in § 1, that " decrees for divorce from the bonds of matrimony may in the first instance

be decrees *nisi,* to become absolute after the expiration of such time, not being less than six months from the entry thereof, as the court shall by general or special orders direct." It further provided that, "at the expiration of the time assigned, on motion of the party in whose favor the decree was rendered, which motion may be entertained by any judge in term or vacation, the decree shall be made absolute, if the party moving shall have complied with the orders of the court, and no sufficient cause to the contrary shall appear." Section 2 provided for publication of the fact of the entry of the decree, together with its terms, to be published in one or more newspapers, the form of the notice, the time of publication, and the mode of proof of the publication to be fixed by the court.

The decree in this case ordered publication in the Boston Daily Times, once a week for six successive weeks. The report states that no file of this newspaper was known to be in existence; that there was no affidavit or other evidence of publication on file; that there was no evidence that the order had or had not been published, except that it did not appear that there was a copy of the order on file, as would naturally have been the case had a copy been furnished for publication, and except the testimony of the petitioner, that after the decree, though there was nothing to show when, he went to the clerk or some one in his office for a certificate of divorce, for which a dollar was demanded, which he refused to pay, and came away without the certificate. The judge states that he was unable to find whether the notice had or had not been given.

Under the St. of 1867, the burden was on the petitioner to satisfy the justice of the fact of publication. This he has failed to do, and, unless he is by subsequent statutes entitled to a decree absolute, his petition must be dismissed. The decision of a single justice on a question of fact in a cause of divorce cannot be revised by this court, either on appeal or on report. *Sparhawk* v. *Sparhawk,* 120 Mass. 390. *Stuart* v. *Stuart,* 123 Mass. 370. *Morrison* v. *Morrison,* 136 Mass. 310.

3. The remaining question on this branch of the case is whether the petitioner is entitled to a decree, notwithstanding his failure to show a compliance with the St. of 1867. He contends that he is entitled to relief under the St. of 1870, c. 404.

Although his libel was brought after this act took effect, it was not brought under the act as it might have been.   This act does not affect libels brought, as the petitioner's was, under the Gen. Sts. c. 107, § 7, nor decrees under the St. of 1867.   It does away with divorces from bed and board, expressly repeals §§ 9 and 10 of the Gen. Sts. c. 107, and provides for a decree *nisi* in case of desertion, to be made absolute upon proof of the parties living apart for five consecutive years after the decree.   It also gives the court power to make the decree absolute after the parties have lived apart for three consecutive years.

We see no reason to doubt, however, that the petitioner is entitled to relief under the Pub. Sts. c. 146, § 3, which is in substance the same as the St. of 1875, c. 226.   The language is as follows: "When a divorce from bed and board under laws heretofore in force, or a divorce *nisi*, has been decreed, and the parties have lived separately for three consecutive years next after the decree, a divorce from the bonds of matrimony may be decreed upon the petition of the party in whose favor the previous decree was granted."   Though the decree was not from bed and board, yet there was a decree *nisi*, and it is found as a fact that the parties have lived apart since 1871.

4. It is found that the petitioner after the decree *nisi* went to Chicago, "and married there again some six or seven years after that, supposing that he had obtained an absolute divorce.   After living with the second wife a year or so in Chicago, they came to Boston, where he and she continued to live till her death, about a year and a half ago, and where he still lives."

This case was reported before the case of *Pratt* v. *Pratt,* 157 Mass. 503, was decided; and the attention of the justice who heard it was not directed to the questions of fact pointed out in that case.   We are of opinion, therefore, that the case should be remitted to a single justice for a further hearing.   The petitioner should also be allowed to show, if he is able to do so, that publication was made, or what his reasons were, if any, for supposing that he had obtained an absolute divorce.   If he merely supposed that the decree *nisi* was an absolute divorce, this would be a mistake of law, and he would not be entitled to relief.   If, however, the justice is satisfied that the petitioner acted under a mistake of fact, that negligence is not imputable to him, and that he has

not been guilty of any moral fault, then he is entitled to a decree absolute, notwithstanding the second marriage, and cohabitation thereunder. *Pratt* v. *Pratt, ubi supra.*

*Case to stand for further hearing.*

*C. W. Janes,* for the libellant.

No counsel appeared for the libellee.