JOSEPH H. FELDMAN, *vs.* TILLIE FELDMAN.

Suffolk. March 8, 11, 1918. — May 25, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Divorce,* Objection to decree absolute. *Rules of Court. Superior Court.*

The Superior Court had authority to establish Divorce Rule 6, relating to objections to the granting of a decree absolute.

Objections, "subscribed and sworn to" by the libellee in a suit for divorce, which merely set out that, in granting a decree *nisi,* the "court was misled and deceived," that the decree "was procured by false and perjured testimony introduced by the libellant," that since the granting of the decree "new evidence unknown to your libellee at the time of the hearing" of the libel had "come to her knowledge," which evidence was "material, and was not within her knowledge or control at the time of granting of said decree," properly may be dismissed as not complying with the requirement of Divorce Rule 6, that the facts upon which such objections are founded shall be "set forth specifically."

A judge, before whom was tried a libel for divorce and by whose order a decree *nisi* had issued, within six months after which objections were filed to the entry of a decree absolute which could not be sustained because they did not comply with the requirements of Divorce Rule 6, may refuse to entertain a "supplemental objection" filed eight months after the entry of the decree *nisi,* which is not an amendment of the objections formerly filed but contains a new charge alleging adultery by the libellant within six months after the entry of the decree *nisi.*

*Whether,* as a matter of discretion, the judge had power to allow new objections to be filed more than six months after the entry of the decree *nisi* and before the entry of a decree absolute, or to allow those formerly filed to be amended, was not determined, because in this case the judge refused to exercise any discretion in favor of the objections.

LIBEL FOR DIVORCE, filed on November 16, 1916, alleging as cause cruel and abusive treatment on the part of the libellee.

The libel was heard by *Dubuque,* J., and a decree *nisi* was entered on January 26, 1917. On July 25, 1917, the libellee filed a document with the title "Objections to Entry of Absolute Decree," which set out as "cause of such objections" the following:

"1. That in the granting of said decree the court was misled and deceived.

"2. That said decree was procured by false and perjured testimony introduced by the libellant.

"3. That since the granting of said decree new evidence unknown to your libellee at the time of the hearing of said libel for divorce has come to her knowledge.

"4. That such newly discovered evidence is material, and was not within her knowledge or control at the time of the granting of said decree."

This document bore a statement signed by a justice of the peace, that it was "subscribed and sworn to" before him.

On September 29, 1917, the libellee filed a further document entitled "Libellee's Supplemental Objection to Entry of Decree Absolute," which stated that the libellee objected to the entry of the decree absolute "and for further cause to objection signs the following, to wit:

"That the said libellant Joseph H. Feldman has since the entry of the decree *nisi* therein and within six months thereafter, and particularly during the months of June and July of 1917, and at divers other times to said libellee unknown, has been guilty of the crime of adultery with persons to said libellee unknown."

This document bore an affidavit that the statements therein were true to the best of the libellee's knowledge and belief.

The objections were heard by the trial judge. The libellee made several requests for rulings raising in substance the questions dealt with in the opinion. The trial judge filed a memorandum in substance dismissing the objections because they did not comply with Divorce Rule 6, and ruling that he had no discretion to permit the filing of the supplemental objection, and, if he had, that he should refuse to permit it to be filed.

The libellee alleged exceptions and also filed a document entitled a claim of appeal.

*J. F. Barry,* (*J. Isaacs* with him,) for the libellee.

*W. J. Patron,* for the libellant.

DE COURCY, J. "Decrees of divorce shall in the first instance be decrees *nisi,* and shall become absolute after the expiration of six months from the entry thereof, unless the court before the expiration of said period, for sufficient cause, upon application of any party interested, otherwise orders." R. L. c. 152, § 18. Divorce Rule 6 of the Superior Court provides: "At any time before the expiration of six months from the granting of a decree of divorce *nisi,* the libellee, or any other party interested, may file in the office of the clerk for the county in which the libel is pending, a statement of objections to an absolute decree, which shall set forth specifically the facts on which it is founded, and be verified by

affidavit. Such decree shall not become absolute until such objections have been disposed of by the court." The court had authority to establish this rule, and it has the force of law. *Pratt* v. *Pratt*, 157 Mass. 503, 505.

The decree *nisi* in this case was entered on January 26, 1917. The objections filed by the libellee on July 25, 1917, were rightly dismissed as not in compliance with said rule. The first and second causes assigned were not specific allegations of facts. *May* v. *Wood*, 172 Mass. 11. *Brown* v. *Brown*, 207 Mass. 254. The third and fourth were insufficient for the same reason, and had the additional defect that they did not comply with the established practice as to newly discovered evidence. Rule 24, of the Superior Court. *Borley* v. *Allison*, 181 Mass. 246. And there was no error in dismissing the supplemental objection. This was not filed until September 29, 1917; and it was not an amendment of the original objections, but an entirely new charge of adultery, alleged to have been committed by the libellant within six months after the entry of the decree *nisi*. The rule of court limiting the time within which objections might be filed was binding upon the trial judge. It is unnecessary to consider whether the court has discretionary power to allow new objections to be filed, or old ones to be amended, after the expiration of six months from the entry of a decree *nisi* but before the decree is made absolute, because here the judge expressly refused to exercise any discretion he might have in favor of entertaining the objections. See *Pratt* v. *Pratt, supra; Norton* v. *Lilley*, 214 Mass. 239.

The libellee's requests for rulings have not been argued. But so far as applicable to the facts they are disposed of by the foregoing.

*Exceptions overruled.*
*Appeal dismissed.*