## STEPHEN D. CAIRNS *vs.* JULIA CAIRNS.

If, at the trial of a libel for a divorce on the ground of adultery, the jury find that the libel-lant connived at the adultery, a decree of divorce cannot be entered, although the pre-siding judge is of opinion that the evidence did not warrant the finding.

LIBEL for a divorce on the ground of adultery committed by the libellee with Charles Shattuck on July 27, 1868.

At the trial, before *Wells*, J., it appeared that the last sexual intercourse between the libellant and libellee was on July 20, 1868; that on July 27 the libellant discovered the libellee in the act of adultery with Shattuck; and that he did not interrupt them, or disclose to either of them the fact of his discovery, but left home that day and has remained apart from his wife ever since.

The judge put these two questions to the jury: " Did the libellee commit the crime of adultery after July 20, 1868 ?" and " Did the libellant connive at the adulterous associations of his wife, with knowledge, or with reason to know, of their char-acter ? "

The jury answered both questions in the affirmative, and upon inquiry by the judge the foreman explained that the answer to the last question was made upon the ground of the knowledge which the libellant obtained by his discovery on July 27, and of his conduct in remaining unobserved, and in leaving his wife at that time in the manner and in the situation disclosed. The judge, being of opinion that the circumstances did not make the conduct of the libellant amount to connivance, such as in law ought to deprive him of a divorce, ordered a decree of divorce to be entered, and reported the case for revision by the full court, and for such order or decree as should be deemed proper.

*E. P. Brown,* for the libellee.

*F. A. Perry,* for the libellant.

WELLS, J. Issues having been submitted to a jury, their verdict, finding connivance, is a bar to the divorce sought. No decree could be entered except in conformity with the verdict. Gen. Sts. *c.* 107, § 15. The answer of the foreman, in explanation of the verdict, upon inquiry by the court, was not competent to modify the effect of the formal verdict; and did not authorize the court to exercise any discretion as to the decree to be entered thereon. The only bearing such explanation could have would be upon the question whether to proceed to a decree, or to direct another trial of that issue. *Decree set aside.*