## COCHRAN v. COCHRAN.

Divorce: ADULTERY AND DESERTION : DEFENSES. In an action for divorce instituted by the wife on the ground of the adultery and desertion of the husband with his paramour, it is no sufficient defense to him, that his wife knew, at the time, of his criminal acts, that she continued to live with him while she knew he was committing them, and by her own acts, though without any connivance on her part, gave opportunity for intercourse between the husband and his paramour.

*Appeal from Alamakee District Court.*

SATURDAY, DECEMBER 16.

ACTION for a divorce and alimony. Decree for plaintiff. Defendant appeals. The facts of the case are found in the opinion.

*G. B. Edmonds* for the appellant.

*Granger & Stilwell* and *L. O. Hatch* for the appellee.

BECK, Ch. J. — The divorce is claimed by plaintiff upon the grounds of adultery and desertion by defendant. The evidence discloses substantially the following state of facts: The parties were married in 1846. They lived together in harmony until 1858, becoming in the meantime the parents of six children. About that time a criminal intimacy sprung up between defendant and an unmarried woman who lived with him or often visited his house. This intimacy having continued about three years, defendant abandoned his wife and family in 1861 and never afterward returned to them. In May, 1862, he married his paramour, and has since lived with her in Missouri.

In 1861, plaintiff instituted an action for a divorce, and in September, 1862, a decree was rendered divorcing the parties and giving to plaintiff all the property defendant owned in Alamakee county, where plaintiff resided, as alimony. This proceeding is treated by the parties as void because of want of service of process upon defendant. Upon discovering the insufficiency of the first proceeding this action was instituted.

The evidence indisputably establishes the adultery and desertion of the defendant. But he attempts to show that both were with the knowledge and assent of plaintiff, and were brought about through her contrivance for the purpose of getting defendant out of the way and of acquiring

his property; that plaintiff did know of defendant's criminal acts is well established, and that she with unexampled patience and forbearance lived with him while she knew he was committing them also appears, and that she by her own acts gave opportunity for intercourse between her husband and his paramour is shown by the evidence. But these things rather establish her want of true womanly spirit and proper delicacy and prudence than her assent to defendant's crimes, and a conspiracy to drive him to their commission. While condemning her acts as exhibiting these traits of character, we find nothing in them to excuse or palliate defendant's crimes, certainly nothing that amounts to a justification of his deliberate desertion of his wife and family for the sake of his paramour. He seems to have renounced all his duties toward his family; from the hour of his desertion he gave them neither thought nor care. His excuse for the marriage with his paramour at the time it was contracted, namely: information which he had received to the effect that plaintiff had by the proceedings above noticed procured a divorce, does not justify his abandonment of his wife and children.

He was the owner of 520 acres of land and some personal property, all in Alamakee county, when he left his family. He was indebted in an amount about equal to the value of his personal property. These debts plaintiff paid out of the property. She has reared the family and appears to have the confidence and affection of her children. One of them, a daughter, is married; a son has reached the years of majority, and the others are living with her. After the decree rendered in the action, first brought by her, she sold 320 acres of land at from $4.00 to $4.50 per acre. About $1,000 of the proceeds of the sale of this land remains unpaid. The proceeds of the land received by her and the personal property left in her possession, together with the fruits of her industry, have been used in paying debts of defendant and expended in the

support of the family and the improvement of the farm upon which she resided.

Defendant claims that under an agreement made between the parties when he abandoned the plaintiff, the property owned by him was to be divided between them, he to have 320 acres of the land and she what remained. This claim is supported by his evidence only. It is denied by plaintiff in her evidence and is rendered extremely improbable by the fact that he never before set up such a claim, and is inconsistent with his declarations and conversations, testified to by other witnesses.

The court below, in addition to the divorce, awarded plaintiff all the property left by defendant in Alamakee county, which are the precise terms of the decree rendered in 1862 treated by the parties as void. We think the judgment of the court is well supported by the facts of the case. That plaintiff ought to be divorced from defendant there can be no doubt. After his desertion of his wife, his children and property for the sake of a paramour, and for more than ten years giving them neither care nor thought, his attempt now to take from his family their means of support can find no favor in a court of equity. He was willing at the beginning of his course of crime to give up all, wife, children and property, and to begin life anew, in order to gratify his guilty passion. Let him rest upon the couch he then prepared for himself.

The judgment of the district court is

Affirmed.