### No. 9880.

#### FELIX BOURGEOIS VS. EUPHROSINE CHAUVIN.

The charges of abandonment, defamation and attempt on plaintiff's life, on which the claim of separation from bed and board is claimed, are not proved.

The charge of adultery on which immediate divorce is claimed, is supported by no sufficient evidence after the incident of March, 1884, which was fully condoned by plaintiff.

Where the conduct of the husband indicates a real intention to have his wife transgress or, at least, an intention to allow her to do so undisturbed and unprevented, this constitutes connivance, and operates as a bar to the suit.

APPEAL from the Twentieth District Court, Parish of Lafourche. Beattie, J.

---

*David Todd*, for Plaintiff and Appellant:

A plea of condonation admits the charge of adultery as true.

The exception of reconciliation shall not avail where the wrong is repeated. C. C. 152-3-4.

Positive or direct testimony is not neccessary to establish adultery. 16 Ann. 4.

When three facts combine to show the guilt of defendant, it may be taken as proved: first, the criminal intent in defendant; secondly, the same in the alleged *particeps criminis;* thirdly, the opportunity sought with secrecy and concealment. Bishop, Marriage

and Divorce, Sec. 427; Sec. 439; also, p. 347, Sec. 433; Bramwell vs. Bramwell, 3 Hagg. 618, 5th E. E. R. 32. See Phil. on Ev. (Cowan Hill's Notes) p. 600.

*Knobloch, Moore & Badeaux,* for Defendant and Appellee :

1. The incident of March, 1884, does not establish, even by presumption, any act of adultery.
2. Even if it did, which is denied, the act was condoned; plaintiff, although an eye witness to that scene, continued to live with his wife in matrimonial relationship for five months afterward. See C C. 152, 154; 22 A. 9; 18 A. 643; 10 La. 251; 14 A. 387 Bienvenu vs. Buisson.
3. Nothing has transpired since March. 1884, which throws the slightest suspicion of infidelity on the wife.
4. Every subsequent act or circumstance, although not one can be considered even *suspicious,* is fully explained by the wife, and proves her to have been pure and virtuous throughout.
5. There was no abandonment by the wife, as alleged in original petition. The husband in August, 1884, left his wife.
6. Even if the wife had abandoned her husband, no judgment for separation can be entered, as the abandonment must be shown by the three summons provided for by law. See C. C. 145; 8 A. 14; 14 A. 386; 28 A. 194.
7. No act of impropriety, indiscretion or even suspicion, is sufficient to adudge a wife guilty of adultery. See Cooper vs. Cooper, 10 La. 251; Hall vs. Caulwright, 18 A. 414; Galen vs. Darby, 36 Ann. 73.

The opinion of the Court was delivered by

FENNER, J. The plaintiff brought this suit against his wife, originally, for separation from bed and board, on grounds of abandonment, defamation, attempting his life and the like.

This part of the case may as well be dismissed with the statement that the evidence fails entirely to support the charges.

He subsequently filed an amended petition in which he claimed an absolute divorce on the charge of adultery against his wife.

The testimony exhibits facts not creditable to either party and as discreditable to plaintiff as to defendant.

In March, 1884, plaintiff, with two other spies procured by himself, were witnesses, through an opening in the window, of a scene between defendant and one Boudro, the salacious details of which need not be mentioned but from which the worst inferences might be drawn.

He had the patience not to disturb this scene which lasted several hours, but suffered the parties, without interference, to pass and remain some time out of his view, from which fact he deduces the commission of the act of adultery.

Notwithstanding this, he condoned the offense and continued to live with his wife until August following, when he left her and she returned to her father's home.

He was equally forgiving to Boudro with whom he continued to speak and even to take friendly drinks.

It is needless to say that this offense was fully condoned and can only figure as adjuvatory of subsequent causes of complaint.

We find in the record no proof of any subsequent adultery, and no evidence from which such guilt can be legitimately inferred.

· It is true that defendant and Boudro continued to speak and to associate publicly with each other; but this is explained and excused by two facts: 1st., the example of her husband; 2d., the fact that Boudro was engaged to be married to defendant's sister.

One note is also shown to have passed from defendant to Boudro, but it was enclosed in an envelope with a note from her sister to him, and its innocent purport is fully established.

There is no evidence of their ever having been alone together except on a single occasion, which is supported only by the evidence of a single witness, who is contradicted by others.

We quote the comments of the judge *a quo* on this witness and his testimony: "An attempt was made to show clandestine meeting at night. One of these meetings is proved by the witness Albert Toups to have taken place in the fall of 1884. He testifies that he crawled upon his 'all fours' for some distance of a moonless night, and through the crevices of a fence, saw two people, the defendant and Boudro, together and heard her call him back. The testimony of this witness is stronger in innuendo than in assertion, and I think he so intended it.

"I disbelieve his testimony.

"I disbelieve it because of his manner in giving it and of his admitted part of a spy employed to procure the testimony; and at the request of counsel for both sides, I went to the *locus in quo* accompanied by them, and from what I saw on a moonless night, I do not believe he could have seen what he says he did see."

The judge had better opportunity of determining the credibility of this witness than we have, and we feel bound to accept his conclusion.

With this testimony blotted out, plaintiff's case has not " a leg to stand on."

There are other features of plaintiff's conduct referred to in the evidence which deprive him of the least claim to consideration.

This evidence need not be detailed; but taken in connection with his conduct on the occasion above referred to in March, 1884, it strongly indicates an intention to have his wife transgress, or at least an intention to allow her to do so undisturbed and unprevented, which

amounts to *connivance* and operates as a bar to the suit.  Cairns vs. Cairns, 109 Mass. 408; Morrison vs. Morrison, 136 ed. 310; Bishop on Marriage and Divorce, *passim.*  See authorities collected in American Law Register, Feb'y. No. of 1886, p. 98 et seq.

Judgment affirmed.

### DISSENTING OPINION.

TODD, J.  I think the evidence in the record fully sustains the charge upon which this action is founded, and I find no ground appearing in the record for impugning the veracity of the witnesses who testified in support of the charge.

I therefore dissent from the opinion and decree rendered.