MARY L. TURNER *vs.* TRUMAN C. TURNER.

Worcester.    October 2, 1905. — October 21, 1905.

Present: KNOWLTON, C. J., LATHROP, HAMMOND, LORING, & BRALEY, JJ.

*Marriage and Divorce.*

Under R. L. c. 151, § 6, a marriage entered into in good faith by the wife without knowledge that the husband had another wife living, if the impediment afterwards is removed by the death of the first wife, and the parties continue to live together as husband and wife in good faith on the part of the wife, becomes a

legal marriage, and the wife cannot have it annulled and declared void on showing that she was induced to enter into the marriage by a false and fraudulent representation of the husband that it was to be his first marriage, that when she continued to live with her husband after the death of the former wife she did not know of the first marriage, and that she never lived with him after she learned of it.

PETITION, filed October 13, 1904, for a decree of nullity of marriage.

In the Superior Court *Lawton,* J. ruled that on account of the provisions of R. L. c. 151, § 6, the petition could not be maintained. He ordered that the petition be dismissed, and reported the case for determination by this court. If the ruling was right, a decree was to be entered dismissing the petition; if the ruling was wrong, a decree of nullity was to be entered.

*W. A. Gile & C. S. Dodge,* for the libellant.

No counsel appeared for the libellee.

HAMMOND, J. This is a petition for nullity of marriage. At the hearing it appeared that at the time of the marriage, which occurred September 16, 1897, the libellee had a wife then living. After this marriage the first wife obtained a divorce from the libellee, and in January, 1899, she died. In his application for a license for the second marriage the libellee asserted that this was to be his first marriage, and the libellant entered into the marriage in good faith, without knowledge of the former marriage, relying upon the representation of the libellee that he was then to marry for the first time. The parties continued to live together as husband and wife in good faith on the part of the libellant until March, 1904, when the libellee deserted her and had continued such desertion up to the time of the hearing. The libellant did not know of the former marriage, nor of the divorce or death of the former wife, until after the desertion, nor did she live with the libellee as his wife or cohabit with him after she learned of his former marriage. There have been no children by his second marriage.

The main question is whether the marriage although illegal at the time it was solemnized became legal by virtue of R. L. c. 151, § 6. This statute, which is a continuation of St. 1895, c. 427, is as follows:

" If a person, during the lifetime of a husband or wife with

whom the marriage is in force, enters into a subsequent marriage contract with due legal ceremony and the parties thereto live together thereafter as husband and wife, and such subsequent marriage contract was entered into by one of the parties in good faith, in the full belief that the former husband or wife was dead, that the former marriage had been annulled by a divorce, or without knowledge of such former marriage, they shall, after the impediment to their marriage has been removed by the death or divorce of the other party to the former marriage, if they continue to live together as husband and wife in good faith on the part of one of them, be held to have been legally married from and after the removal of such impediment, and the issue of such subsequent marriage shall be considered as the legitimate issue of both parents."

The case is within the literal terms of the statute, namely, a marriage illegal by reason of the existence at the time of a former wife of the husband, but nevertheless entered into in good faith on the part of the wife who has no knowledge of the former marriage, the removal of the impediment by the death of the former wife, and a living together as husband and wife in good faith on her part for five years thereafter.

It is argued by the libellant that the statute is not applicable when one of the parties to the marriage has been induced to enter into it in good faith by fraudulent representation on the part of the other as to the existence of the impediment arising out of the former marriage; and moreover that the petitioner cannot be said to have lived with the husband in good faith after the impediment was removed, as she was not aware of the existence of the impediment until after the husband had left her, and she did not thereafter live with him.

While one of the objects of the statute is to protect persons who enter into the marriage relation in good faith, the broad general purpose of the statute is to provide against illegitimacy of children and to protect the public interests. Its purpose is to provide that the marriage ceremony, illegal at first by reason of the existence of an impediment, shall be regarded as taking place at the time the impediment is removed and as covering all marital relations thereafter assumed in good faith. It is immaterial whether the removal of the impediment is known or

unknown. Whether known or not, the marriage ceremony becomes operative upon the removal, if the parties continue to live together as husband and wife in good faith on the part of one of them. Such a construction of the statute is not only in accordance with its plain reading, but it carries out the real *bona fide* intention of the innocent party to contract a valid marriage. Upon the removal of the impediment and the subsequent cohabitation in good faith, the relation becomes such as the innocent party supposed it to be. And such a relation thus once sanctioned in the law, legitimatizes the children and leads to the protection of the moral welfare of the community.

The fraudulent representation as to the existence of the impediment is not ground for nullity. It is unnecessary to enter into a discussion of the question as to what kind of fraud is ground for nullity. See *Reynolds* v. *Reynolds,* 3 Allen, 605; *Smith* v. *Smith,* 171 Mass. 404. The statute contemplates that there may be a fraudulent representation as to the existing impediment, and that in many cases only one of the parties enters into the marital relation in good faith, and yet it expressly declares that if, after the impediment has been removed, the parties continue to live together as husband and wife in good faith on the part of one of them the marriage is valid. It is manifest that at the time the marriage becomes valid under the statute the fraudulent representation as to the former existence of the impediment which has ceased to exist is not a representation affecting the capacity of the fraudulent party then to enter into the marriage. To hold that, after the marriage has become valid under the statute, the defrauded party upon a subsequent discovery of the original fraud shall have the right, because of such fraud, to avoid the marriage at his or her election, is to defeat the very object of the statute.

*Libel dismissed.*