No. 20,506.

CHARLOTTE HAYWOOD and TOBIAS HAYWOOD, *Appellants,* v.
MALINDA NICHOLS, *Appellee.*

### SYLLABUS BY THE COURT.

MARRIAGE—*Presumptions of Legality—Common-law Marriage.* The evidence examined, and held, that the presumption no legal impediment to a second marriage existed when the marriage was contracted was not overcome, and that persistence of the matrimonial relations after the asserted disability of one of the parties was removed made them husband and wife under the common law.

Appeal from Shawnee district court, division No. 1; ALSTON W. DANA, judge. Opinion filed November 11, 1916. Affirmed.

*Edwin D. McKeever,* of Topeka, for the appellants.

*W. I. Jamison,* and *W. Herbert Jamison,* both of Topeka, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action in the district court was one of ejectment, brought by the brother and sister, heirs of George Haywood, deceased, against Melinda Nichols, who claimed to have taken title by virtue of being the surviving spouse of George Haywood. The decision turned on whether or not the defendant was married to George Haywood at the time of his death. Judgment was rendered against the plaintiffs, and they appeal.

In 1881 the defendant married Richard Pool, at Fort Madison, Iowa. Afterwards Richard Pool was incarcerated in the Iowa state penitentiary, from which he was released in the year 1885. Directly following his release he commenced an action for divorce in the district court of Lee county, Iowa, against the defendant, who was then residing in Burlington, Iowa. She signed some papers which she supposed entitled him to a divorce. The action was dismissed on January 5, 1886. The records of Lee county, Iowa, disclose no other divorce suit between the parties. Pool died in Lee county, Iowa, on October 31, 1904. The defendant did not see Pool after he was taken to the penitentiary and had no correspondence with him. She was told that Pool had a divorce, that he married again, and that he died in 1889. In 1890 she was

married to George Haywood, in Lafayette county, Missouri, according to the formalities prescribed by the laws of that state. She and Haywood lived and worked together as husband and wife until Haywood's death in 1906, and by their joint efforts acquired the property in controversy. They had no children. There was some conflict in portions of the evidence. The court found that the defendant was the true and lawful wife of George Haywood at the time of his death.

There was a presumption in favor of the validity of the defendant's second marriage which has been described as the strongest known to the law. (*Shepard v. Carter,* 86 Kan. 125, 119 Pac. 533.) Although it involved proving a negative, the plaintiffs were required to establish the fact that the marriage with Pool had not been legally dissolved. The proof tended somewhat in that direction. Pool lived in Lee county, Iowa, in 1885, died there in 1904, and the only divorce action appearing on the court records of that county was dismissed. There was no proof, however, that Pool continued to reside in Lee county, from 1885 to 1904, and it will not be presumed that he did so, against the presumption that the defendant's second marriage was legal. The bringing of the action which Pool instituted when he walked out of the penitentiary into the divorce court shows a purpose to dissolve his relation to the defendant, who had moved away. The dismissal of the action merely showed that that action failed. Therefore, within the principles stated in the case of *Shepard v. Carter,* supra, the presumption that no legal impediment to the defendant's second marriage existed, was not overcome.

It was not necessary that the district court should rely on the presumption which the law, out of considerations of morality and public policy, raises. The defendant's union with Haywood appears to have been entered into in good faith, and continued to be genuinely matrimonial in every sense of the term. Persistence of the relation after the defendant's disability was removed made them husband and wife under the common law. (*Schuchart v. Schuchart,* 61 Kan. 597, 60 Pac. 311.)

The plaintiffs say no question of a common law marriage was involved. The question was, whether or not the defendant was the wife of George Haywood at the time of his death, and any form of marriage which the law recognizes would defeat the plaintiffs' claim.

The judgment of the district court is affirmed.