[No. 14737.  *En Banc.*  November 20, 1918.]

# R. A. HAHN, *Appellant,* v. SOPHRANA HAHN, *Respondent.*[1]

MARRIAGE (17)—ANNULMENT — GROUNDS — INVALID MARRIAGE.  A void marriage contracted in another state in violation of a decree of divorce and of Rem. Code, § 991, prohibiting remarriage for a period of six months, should be annulled in accordance with the public policy of the state, no matter how undeserving the parties may be.

Appeal from a judgment of the superior court for Spokane county, Hurn, J., entered November 17, 1917, upon findings in favor of the defendant, dismissing an action to annul a marriage, tried to the court. Reversed.

*Robert Corkery,* for appellant.

*John B. White, Fred J. Cunningham,* and *Ralph Robinson,* for respondent.

TOLMAN, J.—The appellant instituted this action for the purpose of procuring a decree annulling a marriage which he entered into with the defendant at Coeur d'Alene, Idaho, on July 4, 1913. The defendant defaulted, and the prosecuting attorney of Spokane county appeared at the trial and defended on behalf of the state.

From the evidence it appears that the defendant was divorced from her former husband in the superior court for Spokane county by decree entered on May 22, 1913. And the marriage, therefore, took place within six months of the entry of the prior decree, in defiance of its terms and of the statute. Rem. Code, § 991.

Both parties were residents of Washington at the time of the marriage, and for a long time prior thereto.

[1]Reported in 176 Pac. 3.

Neither had any intention of becoming residents of Idaho, having gone to Coeur d'Alene, procured a license, gone through the marriage ceremony, and returned to this state all on the same day, and making their home in Spokane, which home had been prepared previous to the marriage, from that time on so long as they resided together.

The appellant admits that he knew, at the time of the marriage, that no legal ceremony could be performed in Washington because of the defendant's too recent divorce; that he thought she might be liable to some penalty because of the Idaho marriage, but claims that he did not know that such a marriage was illegal until some six or seven months thereafter, and that, when he so learned, he asked the defendant to marry him again, which she declined to do; notwithstanding which the parties continued to live together as husband and wife until the fall of 1916, when difficulties arose between them and they separated. The defendant not having appeared or testified, we, of course, know nothing of what her version of the facts might be.

The trial court found that appellant knowingly violated the law, that he was estopped to allege or prove that the Idaho marriage was illegal, denied him any relief, and dismissed his action with prejudice, and he appeals.

Let it be said in the beginning that the appellant's actions, as detailed by himself on the witness stand, were most reprehensible and cannot be too severely condemned. But the law provides other means for punishing him, which should have been resorted to. We have so often held that the statute prohibiting and declaring void all marriages contracted within six months after either party has been divorced, "whether

contracted within or without this state,'' means what it says and is the law of this state that further discussion or citation of previous decisions is wholly unnecessary. The effect of the judgment below is to recognize a wholly illegal and void marriage as subsisting, and the state is thereby put in a false position with respect thereto. However undeserving the parties may be, the court should, in such a case, immediately, and at the first opportunity, recognize the public policy of the state, as declared by the statute, and enter its decree annulling such a marriage, to the end that the public be protected so far as possible from the evils which follow such unlawful unions, and to prevent the innocent from suffering therefrom. This seems to be the undoubted policy of the state, as our statute (Rem. Code, § 983), without reference to the guilt or innocence of either party, provides:

"When there is any doubt as to the facts rendering a marriage void, either party may apply for, and on proof obtain, a decree of nullity of marriage."

The judgment of dismissal is reversed, with directions to enter a decree annulling the marriage.

ALL CONCUR.