## SMITH v. SMITH.

### No. 5412.

Court of Appeals of the District of Columbia.

Argued April 5, 1932.

Decided May 2, 1932.

Webster Ballinger and David F. Smith, both of Washington, D. C., for appellant.

H. W. Wheatley, Jr., of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

ROBB, Associate Justice.

Appeal from a decree in the Supreme Court of the District dismissing appellant's bill to have declared a nullity the marriage between appellant and appellee contracted in the District of Columbia on July 31, 1926.

The material facts as found by the trial court are as follows: On February 15, 1921, appellee contracted a ceremonial marriage with Ralph Charnock in the state of Rhode Island, both parties then being residents of the state of Massachusetts, to which state they returned immediately after the marriage. Thereafter they continuously and openly resided and cohabited as husband and wife in various places within the state of Massachusetts for a period of approximately two years. "Defendant herein (appellee) entered into such marriage rites and ceremony with Ralph Charnock in good faith on her part and without any knowledge on her part of any impediment to the marriage of Charnock to her."

Charnock had been previously married, and on August 4, 1920, filed a libel in the superior court of Massachusetts against his then wife, Carlotta K. Charnock. On December 9, 1920, he obtained a decree nisi, which decree was "to become absolute after the expiration of six months from the entry hereof, unless the court shall have for sufficient cause, upon the application of any party interested, otherwise ordered." This decree became absolute on June 10, 1921.

During the time appellee and Charnock lived together as husband and wife within the commonwealth of Massachusetts, they held themselves out to their relatives, friends, and acquaintances as husband and wife, and were known as such. Thereafter they lived together as husband and wife in Connecticut, New York, New Jersey, Pennsylvania, and the District of Columbia until 1925, when they separated.

After Charnock's decree of divorce from his former wife became absolute on June 10, 1921, appellee continued to live with him as

his wife, but the court below was unable to find that appellee "continued in this relation in good faith." The court was led to this conclusion by the "confused and contradictory" character of appellee's testimony. The court then found that, while applying for the marriage license in Rhode Island, Charnock described himself as "divorced." This was a surprise to appellee, "but she did believe that Charnock was divorced." About a month thereafter, while Charnock was drunk, he informed appellee that "he had not secured an absolute divorce from his prior marriage." On becoming sober, he repudiated his drunken statements, and said that as a matter of fact he was divorced; this occurred several times.

During the time appellee and Charnock lived together as husband and wife in the commonwealth of Massachusetts, section 6 of chapter 207, Massachusetts General Laws of 1921, was in full force and effect. That statute reads as follows: "If a person, during the lifetime of a husband or wife with whom the marriage is in force, enters into a subsequent marriage contract with due legal ceremony and the parties thereto live together thereafter as husband and wife, and such subsequent marriage contract was entered into by one of the parties in good faith, in the full belief that the former husband or wife was dead, that the former marriage had been annulled by a divorce, or without knowledge of such former marriage, they shall, after the impediment to their marriage has been removed by the death or divorce of the other party to the former marriage, if they continue to live together as husband and wife in good faith on the part of one of them, be held to have been legally married from and after the removal of such impediment, and the issue of such subsequent marriage shall be considered as the legitimate issue of both parents."

In Turner v. Turner, 189 Mass. 373, 75 N. E. 612, 613, 109 Am. St. Rep. 643, the question was whether a marriage, although illegal at the time it was solemnized, became legal by virtue of the above statute of Massachusetts. The court ruled that, while one of the objects of the statute is to protect persons who enter into the marriage relation in good faith, its broad general purpose is to provide against illegitimacy of children and to protect the public interests. "Its purpose is to provide that the marriage ceremony, illegal at first by reason of the existence of an impediment, shall be regarded as taking place at the time the impediment is removed, and as covering all marital relations thereafter assumed in good faith. It is immaterial whether the removal of the impedi-

ment is known or unknown. Whether known or not, the marriage ceremony becomes operative upon the removal, if the parties continue to live together as husband and wife in good faith at least on the part of one of them. Such a construction of the statute is not only in accordance with its plain reading, but it carries out the real bona fide intention of the innocent party to contract a valid marriage. Upon the removal of the impediment and the subsequent cohabitation in good faith, the relation becomes such as the innocent party supposed it to be."

In Gardner v. Gardner, 232 Mass. 253, 122 N. E. 308, 309, where the statute was again involved, the court ruled that the words "good faith" in the statute have no technical or refined meaning, but are used in their ordinary signification. "They do not require insight into circumstances calculated to arouse suspicion or to put sagacious persons on inquiry."

We have carefully read the evidence bearing upon the question of appellee's good faith in continuing to live with Charnock after his divorce became final on June 10, 1921, and have reached a conclusion different from that of the learned trial justice. Appellee entered into a ceremonial marriage with Charnock in good faith, believing that he had been divorced. For two years thereafter the parties lived together as husband and wife in the state of Massachusetts. The court below found nothing indicating absence of good faith on the part of appellee until the occasion of Charnock's intoxication about a month after the marriage, when he said to his wife that "he had not secured an absolute divorce from his prior marriage." Up to that time, then, the good faith of appellee is admitted. When Charnock became sober, he repudiated his former statement, "and said as a matter of fact he was divorced." Appellee had been but recently married to Charnock, and naturally would be reluctant to believe that he had betrayed her confidence. Moreover, as observed by the court in the Gardner Case, 232 Mass. 253, 122 N. E. 308, 309, the words "good faith" as used in the statute "do not require insight into circumstances calculated to arouse suspicion or to put sagacious persons on inquiry." Appellee testified that she not only thought Charnock was divorced at the time she married him, but never knew any different until she obtained a copy of the divorce proceedings in 1926.

In our view, the finding that on June 10, 1921 (when Charnock's divorce became absolute), appellee was not living with him in

good faith as his wife, is not justified by the evidence when considered in the light of the statute as interpreted by the Supreme Court of Massachusetts, and is inconsistent with the admitted facts and surrounding circumstances. The statute validates the marriage "from and after the removal of such impediment." In Commonwealth v. Stevens, 196 Mass. 280, 284, 82 N. E. 33, 35, 124 Am. St. Rep. 555, the court said: "The plain inference from this is that it [the statute] applies only to cases where, upon the removal of the impediment, it can instantly take effect." In the present case we are satisfied that, when the impediment was removed, appellee was living with Charnock in the honest belief that she was his wife. In other words, she was living with him in good faith. The statute, therefore, instantly took effect and validated the marriage. Once validated, the status of the parties became as fixed and as irrevocable as though no impediment to their marriage had ever existed.

When the marriage of appellant and appellee was solemnized on July 31, 1926, appellee was the lawful wife of Ralph Charnock, and could not, therefore, enter into a legal marriage with appellant. It follows that the court below erred in dismissing the bill.

The decree is reversed, and the cause remanded for further proceedings, costs to be paid by appellant.

Reversed and remanded.