## Commonwealth ex rel. Department of Justice v. Great American Indemnity Co., Appellant.

202

Argued October 4, 1932. Before FRAZER, C. J., SIMP-SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*John B. Gest,* with him *Frank Rogers Donahue,* of *Donahue, Irwin, Merritt & Gest* and *Snyder, Miller, Hull & Hull,* for appellant.—The bond contemplated payment to the Commonwealth only.

Where the terms of a bond are broader than those of the statute providing therefor, liability is fixed by the statute rather than by the bond: Hornstine's Est., 14 Pa. D. & C. 234; Haines v. Levin, 51 Pa. 412; Shunk v. Miller, 5 Pa. 250.

The word "custody" as used in the bond means custody within the scope of the official duties of an officer: Wilkes-Barre v. Rockafellow, 171 Pa. 177; Com. v.

White, 75 Pa. Superior Ct. 554; Ward v. Stahl, 81 N. Y. 406.

The funds were not state funds nor under the custody of an officer, within the meaning of the bond: Administrative Code of 1929, section 2312, P. L. 177.

*Harold D. Saylor,* Deputy Attorney General, with him *Lucien B. Carpenter,* Assistant Deputy Attorney General, and *William A. Schnader,* Attorney General, for appellee.—The Eastern State Penitentiary is an institution of the Commonwealth and the board of trustees is a board of the Commonwealth: Act of April 9, 1929, P. L. 177, sections 201, 202, 513, 2312 and 2318.

The board of trustees was custodian of the funds deposited in its official capacity.

OPINION BY MR. JUSTICE KEPHART, November 28, 1932:

The Aldine Trust Company was a state depository. Prior to 1929 it had eleven bonds totalling $375,000, on which appellant was surety, to protect the then state deposits. The trust company also held funds deposited as follows:

| | |
|---|---|
| Eastern State Penitentiary, Welfare Fund for Prisoners, C. M. Kratz, Trustee | $11,602.38 |
| Eastern State Penitentiary, Prisoners' Fund | 11,805.89 |
| Eastern State Penitentiary, Prisoners' Fund Certificates of Deposit | 10,000.00 |
| Total | $33,408.27 |

It is admitted that these funds represented moneys turned over by the prisoners, or by others for them, to the board of trustees for safe keeping. These funds were secured by appellant's bond in the sum of $50,000.

The trust company, expecting additional state deposits, requested the indemnity company for an increased bond. In lieu of the bonds amounting to $375,000 and $50,000, a bond in the sum of $480,000 was given and the other bonds were cancelled.

The Aldine Trust Company passed to the State for liquidation, and the indemnity company paid to the State $426,000 on account of its deposits in the trust company; judgment was entered on the bond of $480,000 for the money deposited in the name of the Eastern State Penitentiary. Appellant, believing it was not liable on its bond for these funds, moved to open the judgment. The court below refused the application and this appeal followed.

Appellant contends that the bond covered only state moneys. The preamble to the bond reads: "Whereas, all moneys belonging to the Commonwealth......and in addition thereto certain moneys......of which......certain officers thereof are custodians, are deposited in state depositories by the state treasurer......or by other officers of the Commonwealth or of departments, boards or commissions......or of institutions owned and controlled by said Commonwealth in whole or in part." In the body of the bond, similar phraseology is used, the obligation being to "faithfully and honestly keep and account for such funds, moneys, chattels, or other property of the Commonwealth......or of which......any other depositing officer is custodian." The bond is stated to be "for the use of the Commonwealth, or of any fund of which......any other depositing officer is custodian."

By the express terms of the bond appellant became surety not merely for state funds, but for any and all money deposited by any officer of the Commonwealth "or of which......any officer of any institution owned and controlled by the Commonwealth in whole or in part is custodian." The fact that the bond was given in part at least under a statute does not destroy its efficacy to cover other funds if the terms of the undertaking embrace them. The language of the bond is clear, it presents no ambiguity, and rules of construction are unnecessary for its interpretation. If the construction of the parties would aid us, the testimony and the letters amply support the conclusion that the parties had in

mind a coverage for the funds specifically named above, but the bond in itself is controlling, and we need not consider that question.

Appellant contends the act of assembly under which state deposits are secured will not permit the funds here in dispute to be included as they are not state funds in the custody of the treasurer. We do not so read the act. While it does intend that state funds should be covered, it does not prevent other money, such as we have here, from being secured in the same bond. There is no effort to impose additional burdens on a state depository not authorized by law. The State is directly and vitally interested in these deposits for the welfare of those incarcerated in this institution, though they may have no proprietary right in such deposits. It is contended by appellant that "custody" in the bond means custody of state money within the scope of the duties of a state officer. These funds came into the hands of the penitentiary officials because they are officers of a state institution, and they are received by authority of an act of assembly.

Section 202 of the Code provides for the executive and administrative work in the Eastern State Penitentiary, and section 2318 gives the board of trustees general direction and control of the property and management of the institution. Sections 513 and 2312 of the Code give authority to these officers, and it becomes their duty, to take possession of funds like those deposited in the trust company and direct their disposition.

That the Eastern State Penitentiary is an institution owned and controlled by the Commonwealth, and the board of trustees is a board or commission of the Commonwealth is amply supported by these acts, and officials of this institution are "other depositing officers" as that term is used in the bond. Moreover, the board is the proper party to hold for safe keeping the property of prisoners found on them when entering or which subsequently comes into its hands for these persons. Of

course, the Code does not include moneys which these officers hold as individuals, not related to the institution or its inmates. The State has such an interest in the funds that it will use its arm for their protection and for this purpose the money may be considered as that of the State in the control of these officers. It is unnecessary to this opinion to decide whether the bond is one of insurance or surety.

Judgment affirmed.