## Philadelphia v. National Surety Company, Appellant.

Argued April 17, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Earl G. Harrison,* with him *Murray Forst Thompson,* of *Saul, Ewing, Remick & Saul,* for appellants.

*Joseph P. Gaffney,* for appellee.

OPINION BY MR. JUSTICE KEPHART, May 21, 1934:

When the Girard Avenue Title & Trust Company was taken over by the secretary of banking, there was a deposit of $49,250 to the credit of the board of city trusts. The money had been deposited from time to time by the board, acting under the will of Stephen Girard, deceased. The secretary being unable to pay the depositor, the City of Philadelphia, acting through the board, after demand upon the surety, instituted this action. The trial judge directed a verdict in favor of the city.

Appellant surety contends that the moneys deposited by the board of city trusts were not covered by the terms of its bond* for the reason that they were not "moneys belonging to......or in the custody of said city or of certain officers thereof......or of departments, boards or commissions thereof or of institutions owned and/or controlled by said city in whole or in part." The bond was given to comply with the Act of April 29, 1929, P. L. 685.

At considerable length and with much ingenuity, counsel argue to this court that the words "belonging to," "in the custody of," "officers," "departments," etc., do not include moneys deposited by the board of city trusts, thus demonstrating that the funds here involved do not come within the scope of the protection of this bond, but such contentions cannot prevail. Appellant is a paid surety, and the rule of strict construction applied to individuals as sureties does not apply to paid sureties: In

---

* The bond given by the bank as principal and with National Surety Company as surety, provided, among other things, "Whereas all moneys belonging to the City of Philadelphia or in the custody of said city or certain officers thereof, are required by law to be deposited in banks......known as city depositories, of which the principal is one; and accordingly the Treasurer of the City...... and/or other officers of said City or of Departments, Boards or Commissions thereof, or of Institutions owned and/or controlled by said City in whole or in part [all......termed 'other depositing officers'] have deposited or proposed to deposit with said Principal, funds, moneys, securities and other property of said City, or of which the......depositing officers are custodians;

"NOW THE CONDITION OF THIS OBLIGATION IS SUCH, That if the......Principal shall and does......keep and account for such funds, moneys, securities or other property of the City......or of which the......City......Treasurer or other depositing officer is custodian, deposited or to be deposited with it as aforesaid, and shall......pay over and deliver the same......from time to time when......demanded, to or upon the order of the ......Treasurer or other depositing officer or their successors in office......then this obligation to be void; otherwise to be and remain in full force and virtue."

re Brock, 312 Pa. 7; Shaw v. New Amsterdam Casualty Co., 310 Pa. 213; In re Cancelmo's Est., 308 Pa. 178.

The board of directors of city trusts is, by the Act of June 30, 1869, P. L. 1276, a department of city government, and the members thereof are officers of the City of Philadelphia. They have been so recognized by this court: Phila. v. Fox, 64 Pa. 169; Girard's App., 4 Pennypacker 347. The money in the account here involved was money belonging to or in the custody of the City of Philadelphia or of certain officers thereof, and come clearly within the terms of the bond. The bond covered funds deposited or to be deposited; these moneys were deposited in the name and to the credit of the City of Philadelphia, trustee under the will of Stephen Girard, at that time, and under our interpretation of the terms of the bond, these funds were embraced therein.

Appellant urges that the bond was not within the strict terms of the Act of 1929. Even so such circumstance does not prevent the bond by its own provisions from extending the liability of appellant beyond the requirements of that act: Com. ex rel. v. Great American Indemnity Co., 310 Pa. 201. This case controls the question here involved. We held therein that deposits made by the trustees of the Eastern State Penitentiary of moneys turned over to them for safekeeping by prisoners and others were protected by a bond covering "all moneys belonging to the Commonwealth.....and..... of which certain officers thereof are custodians,..... deposited in said depositories by the state treasurer ......or by other officers of the Commonwealth or of departments, boards or commissions......or of institutions owned and controlled by said Commonwealth in whole or in part."

Appellant further insists that, at least, the testimony offered by appellant should have been received to show the circumstances attending the execution of the bond and the intention of the parties with regard to the deposits covered thereby. It might indeed be true that

parol testimony may be admissible to explain an ambiguous or indifferently expressed written agreement (Nimlet's Est., 299 Pa. 359. See also Alcorn Combustion Co. v. Kellogg Co., 311 Pa. 270), but it is axiomatic that if parties without fraud or mistake have deliberately and with care incorporated their contract in a writing, the writing is not only the best, but is the only evidence of their agreement: Warner v. Trust Co., 311 Pa. 1; Trust Co. v. Dunn, 311 Pa. 315. The words used in the bond are not ambiguous; the agreement is complete within itself. Any attempt by any of the parties thereto to show by parol evidence what his interpretation or belief was as to the effect of the contract is immaterial unless words having a special meaning were employed: Emmons v. McCreery, 307 Pa. 62. To permit otherwise could only have the effect of varying the terms of the writing; this is not permissible: Gianni v. Russell, 281 Pa. 320; Crelier v. Mackey, 243 Pa. 363, 366.

Appellant claims that it is entitled to a credit on the penal sum of the bond for a proportionate amount of the dividend that had been paid on the deposit of $49,000. At the bar of the court we felt that this possibly was well taken, but, after mature consideration, we cannot sustain this position. The comprehensive language of the bond insures all the deposits, and the penalty is $35,000. In view of the surety's obligation no act of its should be permitted to prejudice payment of the creditor's claim from the only available assets out of which it could be paid, and to which the contract of indemnity is related. Had the surety company paid to the city the penalty of the bond when the bank closed, it would have been subrogated to its right against the funds in the bank only when the depositor, the city, had received its claim in full: Hunsberger v. Bank, 108 Pa. Superior Ct. 443. Thereafter all the assets of the bank that might be attributed to this deposit would have become the property of the surety under the principle of subrogation. Subrogation is an equitable result and depends upon facts to

develop its necessity that justice may be done. This obligation insured *all deposits*. Appellant was liable in dollars to the penal sum of $35,000. It would not have been insuring all deposits if, assuming it paid the penal sum as mentioned, it were permitted to participate in the distribution of the defunct bank to the prejudice of the depositor, leaving the latter, perhaps, to lose deposits because of such premature subrogation. If a subsequent dividend should pay the balance of the city's claim, after deducting $35,000 and the dividend of $17\frac{1}{2}\%$, then the surety company would be entitled to all future dividends, but until that time arrives, its right of subrogation is secondary to the city's right to obtain its whole deposit. The latter is not a claim on the bond for an excess deposit over and above the amount of the penal sum, but it is a claim on the assets of the principal obligor equal to its deposit. Appellant attempts a division of the debt for which it is bound. This was nowhere provided in the bond.

Judgment affirmed.