## RHODES v. RHODES.
### No. 6977.

United States Court of Appeals for the District of Columbia.

Decided March 28, 1938.

Rehearing Denied May 5, 1938.

Warren E. Miller, of Washington, D. C., for appellant.

M. Pearl McCall and Martha R. Gold, both of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

MILLER, Associate Justice.

Appellant (plaintiff below) filed a bill in the District Court of the United States for the District of Columbia, praying that his marriage to appellee (defendant below), celebrated on November 17, 1915, in the State of Massachusetts, be declared null and void. Two grounds in support of the relief sought are set out in the bill. The first was founded upon the alleged fact that appellant was induced "to go through a form of marriage ceremony" with appellee by fraudulent representations which she made to him, namely, "that she was an unmarried woman and had never been married." However, appellant offered no evidence of fraudulent representations; the lower court made no finding in support of the allegations; and the contention was abandoned on appeal.

The second ground relied upon was set out in the bill as follows: "6. That on, to wit, November 15, 1934 the plaintiff for the first time received information that the defendant had been previously married to one John Ferris, otherwise known as Jimmie Ferriro, a man of Italian nationality who had married defendant on or about October 11, 1909 at Lynn, Massachusetts; that said John Ferris obtained a divorce from said Minnie Gertrude Ferris on or about March 13, 1914, in the Superior Court for said County of Essex, case No. 4128; under the statutes of the Commonwealth of Massachusetts [1] the said Minnie Gertrude Ferris was prohibited from contracting a marriage in said Commonwealth for two years from the entering of the final decree of divorce granted to said John Ferris, which was entered on or about September 13, 1914."

Appellee neither admitted nor denied these allegations but demanded strict proof thereof, and the lower court found upon the point as follows: "Minnie Gertrude Freeman, the defendant herein, married one John Ferris on or about December 11, 1908, at Lynn, Essex County, Massachusetts, and lived with him two weeks, leaving him when she heard that John Ferris was already married; that on or about September 1913, the said John Ferris filed suit against defendant, for a divorce on the ground of desertion, in the Superior Court of the County of Essex, State of Massachusetts. This suit was uncontested. On or about March 13, 1914, John Ferris obtained a decree nisi, which was made absolute on the 14th day of September, 1914." The

---

[1] G.L.Mass. c. 208, § 24, which provides as follows: "After a decree of divorce has become absolute, either party may marry again as if the other were dead, except that the party from whom the divorce was granted shall not marry within two years after the decree has become absolute."

lower court held as a matter of law that the bill must be dismissed and the prayer for annulment denied, "in view of the provisions of Chapter 207, Section 6 of the General Laws of Massachusetts," which appear in the margin.[2]

In order that the holding of the lower court may be upheld it must appear, in accordance with the plain reading of the statute, that there was in existence, at the time of the marriage between appellant and appellee, a marriage between appellee and her former husband (Ferris) then in force. Appellant did in fact allege in his bill that such was the situation, and the court might have rendered a decree against him upon the basis of that allegation if it had stood alone. Appellee, however, denied the allegation and the court found that the divorce granted to her former husband had been made absolute in September, 1914.

This court, in Smith v. Smith, 61 App. D.C. 157, 58 F.2d 883, recognized the beneficent and curative effect of chapter 207, section 6 of the General Laws of Massachusetts, and held that it was applicable to the facts of that case. There the second marriage occurred after the entry of the decree nisi but before the divorce became absolute[3] and, consequently, the prior marriage was still in force. Graves v. Graves, 108 Mass. 314, 320; Fox v. Davis, 113 Mass. 255, 258, 18 Am.Rep. 476; Cook v. Cook, 144 Mass. 163, 10 N.E. 749. In the present case, on the contrary, although appellant and appellee were living together in good faith as husband and wife when the impediment to their marriage was removed— still they did not come within the terms of chapter 207, section 6 of the General Laws of Massachusetts for the reason that when they were married there was no marriage *in force* between appellee and Ferris. The impediment to the marriage in the present case was the two-year prohibition against remarriage set up by chapter 208, section 24 of the General Laws of Massachusetts. It was removed solely by the passage of time—not by "the death or divorce of the other party to the former marriage." Consequently, chapter 207, section 6 of the General Laws of Massachusetts has no application to the present case, and the lower court was in error in holding the contrary. Wright v. Wright, 264 Mass. 453, 162 N.E. 894.

However, it is one thing to say that a marriage was illegally entered into under one section of the law and that its invalidity was not cured by the provisions of another; it is quite another thing to say that the marriage was void. For example, the District of Columbia Code, sections 1–3, Tit. 14, D.C.Code 1929, classifies some marriages as void and others as voidable, and in the latter case prohibits—under some circumstances—the bringing of actions to declare them void. Section 4, Tit. 14, D.C. Code 1929. Moreover, the courts of some states, without the aid of statute, have established a doctrine that a marriage, void at the outset, may, under some circumstances, become valid if the parties live together after the original impediment has been removed. In other words, a common-law marriage arises. Smith v. Reed, 145 Ga. 724, 89 S.E. 815, L.R.A.1917A, 492; Chamberlain v. Chamberlain, 68 N.J.Eq. 736, 62 A. 680, 3 L.R.A.,N.S., 244, 111 Am.St.Rep. 658, 6 Ann.Cas. 483; Poole v. People, 24 Colo. 510, 52 P. 1025, 65 Am.St.Rep. 245; Land v. Land, 206 Ill. 288, 68 N.E. 1109, 99 Am.St. Rep. 171; Haywood v. Nichols, 99 Kan. 138, 160 P. 982; Eaton v. Eaton, 66 Neb. 676, 92 N.W. 995, 60 L.R.A. 605, 1 Ann.Cas. 199. But this is not the law of Massachusetts. To constitute a valid and binding marriage in that State it must be solemnized between

---

[2] "If a person, during the lifetime of a husband or wife with whom the marriage *is in force* enters into a subsequent marriage contract with due legal ceremony and the parties thereto live together thereafter as husband and wife, and such subsequent marriage contract was entered into by one of the parties in good faith, in the full belief that the former husband or wife was dead, that the former marriage had been annulled by a divorce, or without knowledge of such former marriage, *they shall, after the impediment to their marriage has been removed by the death or divorce* of the other party to the former marriage, *if they continue to* live together as husband and wife in good faith on the part of one of them, *be held to have been legally married from and after the removal of such impediment,* and the issue of such subsequent marriage shall be considered as the legitimate issue of both parents." (Italics supplied.)

[3] G.L.Mass. c. 208, § 21 provides: "Decrees of divorce shall in the first instance be decrees nisi, and shall become absolute after the expiration of six months from the entry thereof, unless the court within said period, for sufficient cause, upon application of any party interested, otherwise orders."

parties competent to contract it (G.L.Mass. c. 207, §§ 19, 38) and in the absence of such solemnization if a decree of nullity is prayed for it must be granted. Thompson v. Thompson, 114 Mass. 566.[4] And chapter 207, section 4 of the General Laws of Massachusetts expressly provides that: "A marriage contracted while either party thereto has a former wife or husband living, except as provided in section six and in chapter two hundred and eight, shall be void." The inapplicability of section 6 has been demonstrated. The only pertinent section in chapter 208 is section 24,[5] and that, while permitting the marriage of divorced persons, is the very section which prohibits for two years the remarriage of the party from whom the divorce was granted. There is nothing, therefore, to prevent the operation of chapter 207, section 4 of the General Laws of Massachusetts. The marriage of appellant and appellee is void in Massachusetts and, consequently, is void in the District of Columbia.[6]

Reversed.

---

[4] See Hahn v Hahn, 104 Wash. 227, 176 P. 3; In re Estate of Elliott, 165 Cal. 339, 132 P. 439; Wilson v. Cook, 256 Ill. 460, 100 N.E. 222, 43 L.R.A.,N. S., 365; Hall v. Industrial Commission, 165 Wis. 364, 162 N.W. 312, L.R.A. 1917D, 829.

[5] See note 1, supra.

[6] DeFur v. DeFur, 156 Tenn. 634, 4 S.W.2d 341; Lariviere v. Lariviere, 102 Vt. 278, 147 A. 700; Blaisdell v. Bickum, 139 Mass. 250, 1 N.E. 281; Huard v. McTeigh, 113 Ore. 279, 232 P. 658, 39 A.L. R. 528; Sturm v. Sturm, 111 N.J.Eq. 579, 165 A. 5; In re White, 129 Misc. 835, 223 N.Y.S. 311; Smith v. Goldsmith, 223 Ala. 155, 134 So. 651; Restatement, Conflict of Laws (1934) §§ 121, 136.