**McCONNELL v. McCONNELL.**

**Civ. A. No. 811–51.**

United States District Court
District of Columbia.
July 23, 1951.

494

Aubrey E. Robinson, Jr., Washington, D. C., for plaintiff.

Wendell L. McConnell, Wayland D. McClellan, Washington, D. C., for defendant.

TAMM, District Judge.

Plaintiff brings this action in this court to annul a marriage contracted in Virginia. The facts are briefly as follows:

Plaintiff and defendant were domiciled in the District of Columbia and went into Virginia to be married. They were there married, and the plaintiff alleges the defendant left the plaintiff, never lived with or supported her. There was no evidence introduced of a specific intention on the part of the defendant not to cohabit with and/or support the plaintiff. The basis alleged in this action to annul the marriage is fraud. It is alleged that the defendant defrauded the plaintiff in inducing her to assume the marital status without an intention on his part to actually enter a valid and subsisting marriage relation.

■ The general and apparently universally accepted rule is that the validity of a marriage is to be determined by the law of the place of the celebration of the marriage, or the lex loci contractus. 2 Beale, Conflict of Laws, pp. 703, 704; 35 Am.Jur., Sec. 167 et ff., p. 282. This is the law of the District of Columbia. Rhodes v. Rhodes, 1938, 68 App.D.C. 313, 96 F.2d 715; Carr v. Carr, D.C.1949, 82 F.Supp. 398; Gerardi v. Gerardi, D.C.1946, 69 F. Supp. 296; Hitchens v. Hitchens, D.C.1942, 47 F.Supp. 73.

One fairly recent decision of the Court of Appeals for the District of Columbia lends weight to the view that the rule in this jurisdiction is that the law of the forum governs in an annulment action. Stone v. Stone, 1943, 78 U.S.App.D.C. 5, 136 F.2d 761; however, the Court of Appeals in this case did not pinpoint the conflict of laws question, and the previously cited cases were neither referred to, distinguished from, nor reversed.

■ The substantial question presented to the court in this case is whether under the allegations outlined in the previous paragraph and the evidence introduced the petitioning wife is entitled to a decree of nullity of the marriage contracted in Virginia. The Supreme Court of Appeals of Virginia has said that where fraud is alleged as a basis for setting aside a contract of marriage the evidence of fraud must be clear, irrespective of whether it is circumstantial or direct. Jacobs v. Jacobs, 1945, 184 Va. 281, 35 S.E.2d 119. Such clear evidence of the nonintention of the defendant to enter a valid marriage was not given during the trial.

The judgment is accordingly entered for the defendant.